In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00013-CV

                                                ______________________________

 

 

                                     MICHAEL KENNEDY,
Appellant

 

                                                                V.

 

                          JAMES T. WORTHAM [SIC], ET AL., Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 369th
Judicial District Court

                                                          Anderson
County, Texas

                                                       Trial Court
No. XXX-XX-XXXX

 

                                                 
                                                 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In the District
Court of Anderson County, Michael Kennedy (Kennedy) and Danielle Simpson
(Simpson), Texas prison inmates, filed an emergency motion to stay or abate
Simpson’s execution. The motion’s caption names as defendants the Honorable
James T. Worthen (misnamed Wortham by Kennedy in some places in the record),
Chief Justice of the Texas Court of Appeals for the Twelfth Appellate District,
and Anderson County District Judge, the Honorable Mark Calhoon (misnamed
Calhoun by Kennedy in some places in the record).  Acting on its own motion, the trial court,
the Honorable Deborah Oakes Evans, dismissed the motion without a hearing,
finding that the suit was frivolous or malicious and that Kennedy and Simpson
failed to satisfy the requirements of Chapter 14 of the Texas Civil Practice
and Remedies Code.[1]

            Kennedy appeals
from the trial court’s dismissal of the motion to stay or abate Simpson’s
execution.  Kennedy filed a single brief,[2]
in which he raises an issue common to both of his appeals.[3]  On appeal, Kennedy argues that the trial
court erred in dismissing his action because the trial judge was a named
defendant and thus was disqualified from presiding over this case.

            We
addressed this issue in detail in our opinion of this date on Kennedy’s appeal
in cause number 06-10-00012-CV.[4]  For the reasons stated therein, we likewise
conclude in this case that error has not been shown.

            We
overrule Kennedy’s point of error and affirm the order of dismissal.

            

 

 

 

 

                                                                        Josh
Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          May
14, 2010

Date Decided:             May
21, 2010

 











[1]The
trial court also ordered Kennedy to pay court fees and costs in the amount of
$229.00.

 





[2]Simpson
did not file an appellate brief.

 





[3]Defendant
appeals from orders of dismissal in cause numbers 06-10-00012-CV and
06-10-00013-CV.

 





[4]Unlike
in the companion appeal, our cause number 06-10-00012-CV, there is a question
in this case regarding whether or not Evans is a named defendant.  We need not reach that issue, however,
because, even if she was a named defendant, she has no direct personal or
pecuniary interest in the case, as detailed in our opinion of this date on
Kennedy’s appeal in the companion appeal.








o-spacerun:yes'>  Batiste
v. State, 217 S.W.3d 74, 83 (Tex. App.––Houston [1st Dist.] 2006, no
pet.).  Only when “counsel’s
ineffectiveness is so apparent from the record” will an appellant prevail on
direct appeal absent a hearing on a motion for new trial asserting an
ineffective assistance of counsel claim.  Freeman,
125 S.W.3d at 506–07. 

            The
second Strickland prong requires a
showing that the deficient performance prejudiced the defense to the degree
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at
712.  Failure to satisfy either part of
the Strickland test is fatal.  Ex parte
Martinez, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006).  It is not necessary to conduct the Strickland analysis in any particular
order; if an appellant cannot demonstrate sufficient prejudice, a court may
dispose of the claim on that ground.  Strickland, 466 U.S. 697; Hagens v. State, 979 S.W.2d 788, 793–94
(Tex. App.––Houston [14th Dist.] 1998, pet. ref’d); Gamboa v. State, 822 S.W.2d 328, 330 (Tex. App.––Beaumont 1992,
pet. ref’d).

            We
have been provided with no record (such as that which would be produced in a
hearing on a motion for new trial or a habeas corpus hearing or by affidavit)
whereby Bells attempted to obtain an explanation of trial counsel’s
strategy––or lack of strategy––in having opened the door to allow Foreman’s
testimony.  Bells testified at the
sentencing hearing that she was taking college classes, that she had learned
lessons from her prior criminal convictions (summarized below), and that she intended
to henceforth “follow the letter of the law.” 
Defense counsel’s first statement in closing argument was that Bells had
not “hid from her past background or past history.”  This is evidence supporting the presumption
that counsel had some strategy in mind; we find nothing in the record before us
to rebut that presumption.  Bells has not
established her counsel rendered deficient performance.  

            Even
had Bells successfully established that her trial counsel’s performance was
deficient, she has not proved a reasonable probability that she would have
received a lesser sentence but for counsel’s cross-examination.  Bells had a fairly extensive criminal record,
including six previous convictions, of which one was a felony, dating from
1995.  It appears from the record that on
at least three of those prior offenses, including the felony, she had been
placed on community supervision, which had been subsequently revoked, or that
she at least had been found to have violated the supervision’s terms and
conditions.  She was in possession of a
not-inconsequential amount of drugs, and the circumstances (including her own
admission) established that she was a drug dealer.[1]  The record suggests that she sold drugs from
her home, a residence shared with six children, one of whom was as young as
three years.[2]  She admitted to using both cocaine and
marihuana while on community supervision; her community supervision officer
testified that although she reported regularly as required, she was almost
$600.00 delinquent in the payment of her supervision fees.  

            Further,
while on the instant case Bells was sentenced to five years for a third-degree
felony, it must be remembered she was simultaneously being sentenced for a
second-degree felony violation (see our opinion in cause number 06-10-00154-CR),
plus a state-jail felony (see our opinion in cause number 06-10-00153-CR).  As detailed in our opinion in cause number
06-10-00154-CR, there was an initial misunderstanding about the impact which a
drug-free-zone finding would have on that case’s charge of possession with
intent to deliver cocaine.[3]  The trial court stated it was his preference
to sentence Bells to five years’ incarceration.  In light of that statement by the trial court in
the combined hearing of all three cases, the large amount of drugs found in
Bells’ possession, the fact that she was selling illicit drugs from a house
which she shared with six children, her documented criminal history, and the
fact she received the instant sentence as part of a unitary proceeding
sentencing her for two other pending cases (the consequences, if followed to
the fullest, could have resulted in a harsher sentence), we cannot say that she
has demonstrated a reasonable probability that the outcome of her sentencing
proceeding would have been different had her trial counsel not asked questions
which allowed introduction of evidence regarding prior criminal offenses
pertaining to drug trafficking for which she was neither charged nor convicted.


            Bells
has failed to meet the requirements of Strickland.  We overrule her point of error and affirm the
trial court’s judgment and sentence.

Consecutive or Concurrent Sentence?

            Finally,
we feel compelled to draw attention to a potential irregularity in the trial
court’s judgment.  At the conclusion of
the punishment hearing, the trial court ordered Bells’ three sentences to be
served concurrently.  We have previously
described how the State agreed to abandon the allegation of a drug-free-zone
allegation in cause number 06-10-00154-CR because the inclusion of the
drug-free-zone finding would mandate a larger sentence than the five-year
penalty the trial court expressed that it believed appropriate.  Although the drug-free-zone allegation was
dropped from the other case, it remained in this one and the judgment reflects
that Bells was convicted of possession of the alleged amount of marihuana in a
drug-free zone.[4]  With that observation, we note that there is
another subsection in the drug-free-zone statute that does not appear to have
been contemplated by the parties when the sentence was announced:  

Punishment that is increased for a conviction for
an offense listed under this section may not run concurrently with punishment
for a conviction under any other criminal statute.

 

Tex.
Health & Safety Code Ann. § 481.134(h) (Vernon 2010).  It appears this subsection is mandatory and
would require that Bells’ sentence for possession of marihuana in a drug-free
zone––the offense which is the subject of the instant appeal––would be required
to be served consecutively to (and not concurrently with) her sentence for the
revoked community supervision for the state-jail felony of use or possession of
fraudulent identifying information (our cause number 06-10-00153-CR).  See
Newman v. State, 268 S.W.3d 266, 269
(Tex. App.––Amarillo 2008, pet. ref’d) (defendant convicted of possession of
controlled substance and engaging in organized criminal activity, consecutive
sentences required); see also Williams v. State, 253 S.W.3d 673, 677–78
(Tex. Crim. App. 2008) (reconciling Tex.
Health & Safety Code Ann. §§ 481.132, 481.134(h)).

            Neither
party has raised this matter and there was no appeal by the State challenging
the trial court’s sentence.  We have the
authority to modify incorrect judgments when the necessary information is
available to do so.  See Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d
26, 27–28 (Tex. Crim. App. 1993); Asberry
v. State, 813 S.W.2d 526, 529 (Tex. App.––Dallas 1991, pet. ref’d).  We may reform a judgment even where the error
is not pointed out or urged by a party.  Asberry, 813 S.W.2d at 529–30.  In the instant situation, though, we are not
convinced we have all the necessary information compelling a reformation of
Bells’ sentence for the conviction of possession of marihuana in a drug-free
zone.  We have pointed out there was some
confusion among the parties at the time of sentencing regarding the effect of a
drug-free-zone finding and the trial court clearly stated its preference
regarding the sentence to be imposed (i.e., to impose a sentence of five years
for both possession cases and for all three sentences to be served
concurrently).  Further complicating this
issue is the fact that the trial court’s imposition of concurrent sentences,
while possibly not congruent with Section 481.134(h), was nevertheless
pronounced in front of Bells, and then reflected in the trial court’s judgment.
 A defendant has a due process “legitimate
expectation” that the sentence he heard orally pronounced in the courtroom is
the same sentence that he will be required to serve.  Ex
parte Madding, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002).[5]  In light of the circumstances present, we
find that reformation of Bells’ sentence in cause number 06-10-00155-CR is not
appropriate.   

            As explained above, we overrule
Bells’ point of error and affirm the trial court’s judgment and sentence. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          February 8, 2011

Date Decided:             February 23, 2011

 

Do Not Publish











[1]In
addition to pleading guilty, when asked about the digital scales designed to
look like a cell phone, Bells said she used the scales to measure drugs.  

 





[2]Bells’
children were aged three, seven, eleven, fourteen, seventeen, and eighteen.  





[3]The
finding that the possession occurred within a drug-free zone would have
required that the sentence be enhanced by five additional years’ confinement.  Tex. Health
& Safety Code Ann. § 481.134(c) (Vernon 2010).





[4]Had
the State abandoned the drug-free-zone allegation in the instant case, Bells
could have been convicted and sentenced herein for, at most, a state-jail
felony.  See Tex. Health & Safety
Code Ann. §§ 481.121(b)(3), 481.134(d).





[5]The
trial court in Madding initially
decreed Madding’s sentence would run concurrently with that for another
offense; fifty-two days later, the written judgment stated the sentence would
run consecutive to the earlier sentence. 
The Texas Court of Criminal Appeals found this to be a due process
violation.  Madding, 70 S.W.3d at 136–37.