

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1948-06, 1949-06, 1950-06

**Tumar Yising Williams, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE 13th COURT OF APPEALS
### VICTORIA COUNTY

MEYERS, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. PRICE, J., filed a concurring opinion, in which HOLCOMB and KEASLER, J., joined. KELLER, P.J., dissented.

### O P I N I O N

In three separate indictments, Appellant was charged with the delivery of one gram or more, but less than four grams, of cocaine, a controlled substance in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. §481.112(c). One of the indictments contained a paragraph alleging that the offense occurred within 1,000 feet of a school–a drug-free-zone–which raises the minimum term of confinement by five years and doubles the

maximum fine if convicted. TEX. HEALTH & SAFETY CODE ANN. §481.134(c). Prior to trial, the court granted the State's motion to consolidate the three causes for one trial under Texas Penal Code §3.03.

After a jury trial, Appellant was convicted of all three offenses and sentenced by the trial judge. The trial judge sentenced Appellant to 17 years' confinement and a $3,000 fine for each conviction. The trial judge then ordered the sentence for the drug-free zone offense to be served consecutively to the other two sentences, which would be served concurrently.

Appellant appealed the "stacking" of one of the sentences on the other two, arguing that the judge should have ordered all of the sentences to run concurrently because the State sought the joinder of the offenses and prosecuted them as part of one criminal episode under Health & Safety Code §481.132, which provides that if a defendant is convicted of more than one offense arising out of a single criminal episode, then the sentences must be served concurrently. In a memorandum opinion, the court of appeals affirmed the trial court's judgment. *Williams v. State*, Nos. 13-05-194-CR, 13-05-195-CR, 13-05-196-CR, 2006 Tex. App. LEXIS 7870 (Tex. App. - Corpus Christi Aug 31, 2006)(mem. op., not designated for publication). Appellant filed a petition for discretionary review, which we granted. We reverse the decision of the court of appeals and hold that Appellant's sentences shall be served concurrently.

**FACTS AND PROCEDURAL HISTORY**

In three separate indictments, Appellant was charged with selling crack cocaine to a confidential informant on three separate dates at different locations. The State moved to consolidate the three causes for one trial under Texas Penal Code §3.03.[1] This motion was granted. Following a single jury trial, Appellant was found guilty of all three offenses. Appellant was subsequently sentenced by the trial judge.

The conflict in this case is that there are two possible ways to sentence Appellant, depending upon which statute the judge believed was controlling. Under Texas Health and Safety Code §481.132(d), if multiple convictions arising out of one single criminal episode are prosecuted together in a single criminal action, then the sentences must run concurrently. In contrast, Texas Health and Safety Code §481.134(h), which deals with drug-free-zones, states that "[p]unishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute."

The trial judge conferred with the parties several times to determine how to properly sentence Appellant. During pre-trial motions, the prosecutor and the judge had an exchange in which the judge told both parties that he understood the indictment to signify that, if convicted, Appellant's sentences would have to run concurrently. The

---

[1] For violations of Ch. 481 of the Health and Safety Code, the means of consolidating multiple offenses is provided solely by §481.132. However, Appellant did not object, and this is not an issue on appeal.

State affirmed this understanding.[2] The judge and the State appeared to agree that the basis for punishment enhancement would be Appellant's repeat-offender status, making a second-degree felony a first-degree felony for punishment purposes. TEX. PEN. CODE ANN. §12.42(b). However, during jury-trial announcements, the judge explained that, if Appellant was convicted of the offenses, the sentence for the drug-free zone offense would have to run consecutively to the other two. The trial judge specifically verified that Appellant understood this to be the case. The issue came up a third time at the punishment hearing, when the trial judge stated that he needed time to decide Appellant's sentence. After some deliberation, the judge relied upon an unpublished opinion provided to him by the State to decide Appellant's sentence of 17 years' confinement and a $3,000 fine per offense, with two of the sentences to be served concurrently and the third to be served consecutively.

Appellant appealed the determination that part of his sentence run consecutively. In a 2-1 memorandum opinion with little explanation as to why they believed that the language of Health and Safety Code §481.134(h) controlled over Health and Safety Code

---

[2] The following is the pre-trial discussion related to the joinder of the offenses:
[The Court]: I believe this is the type of case that, if you are found guilty, this would have to run concurrently then.
[The State]: The way it's been pled, then – Yes, your Honor.
[The Court]: Well, there are only certain exceptions.
[The State]: Yes, your Honor.
[The Court]: These offenses, I don't believe, would fit in those exceptions, without double checking the statute –
[The State]: Yes, sir.

§481.132(d), the court of appeals held that Appellant was required to serve a consecutive sentence for the drug offense that was committed in the drug-free-zone.

We granted Appellant's petition for review to consider if the State's election to consolidate the cases limited the trial court's authority to order that one sentence run consecutively to the sentences in the other causes.

## ANALYSIS

Appellant presents several arguments to support the proposition that the trial judge's authority was confined to the concurrent sentencing provisions of §481.132. First, Appellant asserts that because the State elected to consolidate all of the causes for one trial, they were bound by the provision requiring concurrent sentencing. Appellant supports his conclusion with *LaPorte v. State,* 840 S.W.2d 412 (Tex. Crim. App. 1992), and *Llamas v. State*, 12 S.W.3d 469 (Tex. Crim. App. 2000), in which we explained that there are trade-offs for both the State and defendant when consolidating multiple offenses for one trial. The State is encouraged to clear their trial docket while also preserving resources by conducting only one trial. The defendant, on the other hand, is in danger of unfair prejudice since the jury will hear about multiple offenses. Learning of multiple offenses could lead a jury to find the defendant guilty because they believe that he is a "bad guy," or the jury may be more inclined to believe that, if defendant is accused of other crimes, then he is probably guilty of the crimes charged. To balance out this disadvantage, the defendant usually receives concurrent sentences if convicted. In this

case, Appellant contends that the State received all of the benefit of consolidating the cases while Appellant received nothing in return, making this an unfair trade-off.

Second, Appellant argues that although the State used the wrong section to join all of the offenses for one trial, the language of Texas Penal Code §3.02 and Texas Health and Safety Code §481.132 are virtually the same, and neither statute contains an exception to concurrent sentencing for an offense committed in a drug-free-zone. Appellant observes that the Texas Legislature added concurrent sentencing exceptions to Texas Penal Code §3.03 in 1997 for certain offenses, including intoxication assault, intoxication manslaughter, and certain sexual offenses, but not for the Health and Safety Code. Thus, Appellant asserts that, since we know that the legislature is capable of making exceptions to a provision, we must assume that the Legislature did not intend to create an exception for drug-free zone offenses.

And finally, Appellant argues that the language of §481.134 does not actually preclude concurrent sentencing in this case. Appellant maintains that a plain reading of the statute shows that subsection (h) is applicable only if a defendant's punishment is actually increased due to the drug-free zone finding. Appellant explains that there are four reasons that concurrent sentences are not precluded: (1) during the sentencing hearing, the State and the judge had an exchange that should be interpreted as the State's waiver of consecutive sentencing[3], (2) no punishment was actually increased, (3) if

_____

[3] The following is a punishment hearing discussion related to sentencing:
 [The Court]: There is no provision in 481.134, the State is seeking enhancement

punishment was increased, the increase was not due to the drug-free zone finding, and (4) the conviction of the drug-free zone offense is not a conviction under "any other criminal statute" as required by §481.134(h).

Appellant notes that all three offenses received identical sentences, so there is no indication that the drug-free zone sentence was increased in any way. Therefore, Health and Safety Code §481.134(h) does not apply, and §481.132 is the only applicable statute. Appellant suggests that, even if we determined that his sentence was actually increased under §481.134, the increase was not due to the drug-free zone finding because, during the sentencing hearing, the judge stated that he was giving Appellant the benefit of his interpretation of the statutes and increasing the minimum punishment of his offenses due to his repeat-felony status, rather than increasing the minimum punishment because of the drug-free zone finding.[4] Appellant additionally argues that the two conflicting provisions

---

under, a repeat felony statute - If they're going under that statute, there is no indication that that increases or doubles the fine. So, the Court is deeming that the legislature, by its enaction of the statute then, and the State's election, means that your range of punishment has a minimum of 5 years, for the first degree felony, and the maximum find of $10,000 that may be assessed.

The other interpretation would be that you carry the 134 increase along, but specific statutory provisions apply over non-specific. So, it's appropriate, when you're seeking another enhancement, you go with the other enhancement that's being sought -

Unless the State has something further concerning that.

[The State]: Not at this time.

[The Court]: Then, Mr. Williams, you are benefitting from the Court's ruling of that and that your minimum is determined to be 5, rather than 10, and a fine up to $10,000, rather than a fine up to the maximum $20,000.

[4]Appellant still argues this point despite the fact that, when pronouncing judgment, the trial judge specifically explained that he applied both the repeat-felon enhancement and increased the minimum punishment of the drug-free zone offense.

are part of the same statute–the Texas Controlled Substances Act.  Therefore,

§481.134(h) would not be applicable because it comes into effect only when there is a

conviction under a different criminal statute, such as for robbery.  For all of these reasons,

Appellant argues that the application of §481.134(h) was an abuse of discretion by the

trial judge.  As a remedy, Appellant asks us to either reform the sentences and have them

run concurrently or remand this cause to the trial court for a new punishment hearing.

The case before us presents a question of statutory construction; essentially, which

one of these two statutes applies to Appellant's sentencing?  Because statutory

interpretation is a question of law, this court conducts a *de novo* review.  *See Guzman v.*

*State*, 955 S.W.2d 85 (Tex. Crim.  App. 1997), and *Johnson v. State*, 954 S.W.2d 770

(Tex. Crim. App. 1997).

Under the canons of statutory construction, we are to construe a statute according

to its plain language, unless the language is ambiguous or the interpretation would lead to

absurd results that the legislature could not have intended.  *Thompson v. State*, 236

S.W.3d 787, 792 (Tex. Crim. App. 2007), *citing Boykin v. State*, 818 S.W.2d 782, 785

(Tex. Crim. App. 1991).  We also concluded in *Boykin* that we must focus our attention

on the literal text of the statute.  With this in mind, we look to the language of the two

sections of the Health and Safety Code.  Section 481.132(d) says that if a defendant is

convicted of "more than one offense arising out of the same criminal episode" prosecuted

in one trial, then the sentences for the defendant's convictions must run concurrently.

Section 481.132(a) defines "criminal episode" as "the commission of two or more offenses *under this chapter*" under certain circumstances. (Emphasis added.) The "chapter" that this subsection refers to is Chapter 481, the Texas Controlled Substances Act. Appellant was indicted for three offenses under Chapter 481, the offenses were prosecuted in one trial, and Appellant was convicted of all three offenses, therefore, §481.132(d) applies to Appellant's situation.

The next step is to look at the language of Health and Safety Code §481.134(h), which states, "Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." It is apparent from the language of this statute that a conviction for an offense listed anywhere within §481.134 cannot run concurrently with a conviction for an offense under any *other* criminal statute. Just reading the statute under the auspices of common usage and grammar, "any other criminal statute" means a criminal statute not listed within §481.134. Appellant's punishment was increased for a conviction listed under §481.134(c), however, *all* of Appellant's convictions were for offenses listed under §481.134(c). The logical extension of this analysis is that, because Appellant was not convicted of a criminal offense not listed within §481.134, the consecutive sentencing provision of §481.134(h) does not apply. Therefore, §481.132(d) determines whether the sentences are to run concurrently.

Some may argue that §481.134(h) should be given effect because the Texas

Legislature passed it subsequent to §481.132(d), or because they view §481.134(h) as an "exception" to the general rule of §481.132(d). However, under the Code Construction Act, we give exclusive effect of a specific provision over a more general provision only when the two irreconcilably conflict. TEX. GOV'T CODE ANN. §311.026. In the case at hand, there is no conflict between the two sections because only one applies to Appellant's convictions. Because §481.134(h) does not address Appellant's situation, it is incapable of being in conflict with §481.132(d). As such, Appellant should have been ordered to serve his three 17-year sentences concurrently.

## CONCLUSION

The court of appeals did not engage in statutory construction regarding which of these two statutes applies to Appellant's case and, therefore, incorrectly affirmed the trial court's cumulation of Appellant's sentences. Because §481.134(h) did not apply to Appellant's sentencing, §481.132 controls in this situation. We reverse the decision of the court of appeals and reform the judgment to reflect that all three sentences run concurrently.

Meyers, J.

Delivered: May 14, 2008

Publish