NO. 07-07-0276-CR
NO. 07-07-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 30, 2008
_____

CHARLES SISCO NEWMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 216TH DISTRICT COURT OF KERR COUNTY;

NOS. A05-278 & A05-320; HON. KARL PROHL, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Charles Sisco Newman, was convicted of both possessing a controlled substance in a drug-free zone and engaging in organized criminal activity. He contends on appeal that 1) the trial court abused its discretion in ordering the sentences for those crimes to run consecutively, and 2) the evidence is legally insufficient to support the conviction of engaging in organized criminal activity. We affirm.

### Stacking of Sentences

Appellant was tried for both offenses mentioned above in the same criminal trial. Furthermore, he received a sentence of ten years for possessing methamphetamine and 40 years for engaging in organized criminal activity. The sentences were ordered to run consecutively by the trial court. Additionally, the accusation about appellant possessing controlled substances was one of the allegations in the indictment used to illustrate his involvement in organized criminal activity. These circumstances, according to appellant, when considered within the framework of §3.03 of the Texas Penal Code, purportedly require that his sentences run concurrently. We disagree.

Per §3.03 of the Penal Code:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

TEX. PEN. CODE ANN. §3.03(a)(Vernon Supp. 2008).[1] Yet, another statute provides that "[p]unishment that is increased for a conviction for an offense listed under this section [*i.e.* Texas Health and Safety Code, §481.134] may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE ANN. §481.134(h) (Vernon Supp. 2008). Appellant recognizes the conflict between the two provisions but argues, nonetheless, the former controls. He is mistaken.

Whether two statutes collide resulting in one overriding the other is a matter of law that we consider *de novo. State v. Salinas*, 982 S.W.2d 9, 10 -11 (Tex. App.–Houston [1st

---

[1]Nothing in "subsection (b)" applies to the circumstances before us.

Dist.] 1997, pet. ref'd). And, in considering the instant matter *de novo*, we find guidance in the recent Court of Criminal Appeals opinion in *Williams v. State,* 253 S.W.3d 673 (Tex. Crim. App. 2008). There, the Court was asked to compare and construe sections 481.132(d) and 481.134(h) of the Health and Safety Code. Per §481.132(d),

> [i]f the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.

TEX. HEALTH & SAFETY CODE ANN. §481.132(d) (Vernon 2003).[2] Yet, §481.134(h) mandated that the sentences run consecutively, according to the State. The Court ultimately held that §481.132(d) precluded the trial court from stacking one sentence upon another in that case. But, it did so not because §481.132(d) trumped the affect of §481.134(h). Rather, it did so because the multiple convictions there involved were not for violations of different criminal statutes as required by §481.134(h). So, the two provisions did not conflict. *Williams v. State*, 253 S.W.3d at 678. On the other hand, when statutes do conflict, the Court acknowledged that the specific overrides the general. *Id.*

Here, we have the situation missing in *Williams.* While we have one criminal episode resulting in joint prosecutions and convictions in the same trial, one prosecution and conviction involved the possession of controlled substances in a drug-free zone while the other involved his effort to engage in organized crime. And, because the former involved a drug-free zone, §481.134(h) of the Health and Safety Code (which expressly addressed situations involving drug-free zones) was implicated. Again, that provision specifically focuses upon the ability of the trial court to allow a sentence within the scope

---

[2]As can be seen, this verbiage is quite similar to that in §3.03(a) of the Penal Code.

3

of §481.134(h) to run concurrently with another sentence outside the scope of §481.134. On the other hand, §3.03(a) of the Penal Code does not deal with offenses occurring with drug-free zones. Thus, in following the admonishment in *Williams* that the specific must control over the general and since §481.134(h) covers the specific circumstances in our case, we conclude that the trial court had no option but to order that the sentences run consecutively.

*Issue 2 - Legal Sufficiency*

Next, appellant claims there is insufficient non-accomplice testimony to sustain his conviction for engaging in organized criminal activity. We disagree.

To support conviction, non-accomplice testimony need not directly link the accused to the crime or establish his guilt beyond a reasonable doubt. Rather, it need only tend to connect him to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) (stating that a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense); *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). And, it does here.

Admittedly, accomplices testified that over a period of time, appellant and other persons, most of whom were drug addicts and concerned on a daily basis with obtaining their next "fix," manufactured methamphetamine. So too did several identify appellant as one of the primary "cooks" of the methamphetamine. Yet, non-accomplice evidence illustrated that 1) appellant was stopped while driving a vehicle in which were found ingredients used to cook methamphetamine, 2) at the time of the stop, appellant's hands were stained orange, a stain often associated with manufacturing that drug, 3) appellant

4

admitted to the officer that he had cooked methamphetamine two weeks earlier, 4) five weeks later, appellant again was stopped while driving a vehicle that had left a site containing both a methamphetamine laboratory and evidence of a recent methamphetamine cook, 5) someone was observed throwing several small baggies containing methamphetamine and pseudoephedrine out of the window of the vehicle while appellant drove it, 6) a red duffle bag was found in the same vehicle, which bag contained a letter from appellant's mother, drug paraphernalia used to manufacture methamphetamine, and a small baggie containing a trace of methamphetamine, 7) all of the occupants in the vehicle had needle tracks on their arms, and 8) appellant and several other occupants of the vehicle had orange stains on their hands.[3]  This is some evidence which tends to connect appellant to organized criminal activity consisting of the manufacture of methamphetamine.

Appellant also argues that the evidence insufficiently establishes that he participated in a combination because the memories of the accomplices were affected by their drug use.  Furthermore, they only could provide vague details about the time and place of the cooks and who was present, he continues.  Thus, the State allegedly failed to prove the mens rea required for conviction.  We disagree for circumstantial evidence may be used to prove a defendant's intent.  *Hart v. State,* 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Munoz v. State,* 29 S.W.3d 205, 209 (Tex. App.–Amarillo 2000, no pet.).  And, both the direct and circumstantial evidence alluded to above provided basis upon which a

---

[3]Appellant argues that possession of methamphetamine cannot be a predicate offense to engaging in organized criminal activity.  While the same may be true, the possession of contraband can be used as a factor in determining whether there is sufficient non-accomplice evidence *tending* to connect appellant to the charged offense.

reasonable jury could conclude, beyond reasonable doubt, that he intended to establish, maintain, and participate in a combination and conspiracy to manufacture as well as intentionally and knowingly manufacture methamphetamine. Simply put, sufficient evidence existed upon which a jury could legitimately conclude that he acted with the requisite mens rea.

Finally, appellant claims the evidence is insufficient to support the finding that he used or exhibited a deadly weapon. We disagree. While it may be that the bulk of the evidence that appellant possessed a sawed off shotgun and threatened to use it in the event of a raid by police came from accomplice testimony, non-accomplice evidence did tie him to the crime of engaging in organized criminal activity. And, so long as he was legitimately connected to the crime in general, accomplice testimony may be used to link him to the use and exhibition of the shotgun. *Vasquez v. State,* 56 S.W.3d 46, 48 (Tex. Crim. App. 2001).

Having overruled all of appellant's issues, we affirm the judgments.


Brian Quinn
Chief Justice

Publish.

6