*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00362-CR
No. 04-08-00363-CR

Andrew **VOLIS**,
Appellant

v.

State of **TEXAS**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court Nos. A07-428 & A07-463
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Rebecca Simmons, Justice

Delivered and Filed:    June 24, 2009

AFFIRMED; REFORMED & AFFIRMED AS REFORMED

## BACKGROUND

Appellant Andrew Volis was charged by two separate indictments with delivery of a controlled substance and possession of a controlled substance with intent to deliver in a drug-free zone. Both indictments charged offenses under Chapter 481 of the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(c),(d) (Vernon 2003). On March 17, 2008,

Volis entered an "open" plea of guilty to these offenses and sentencing was scheduled for a later date. Sentencing on both offenses was held on April 23, 2008. After a contested punishment hearing, the trial court sentenced Volis to 25 years imprisonment for each offense, and ordered the sentence in trial court cause number A07-463, the drug-free zone case, to "begin to run from and after the date the sentence in" trial court cause number A07-428, the delivery case, "is completed." Notices of appeal were filed in both causes. Trial court cause number A07-428 was docketed in this court as appellate cause number 04-08-00362-CR. Trial court cause number A07-463 was docketed in this court as appellate cause number 04-08-00363-CR. The appeals were later consolidated.

## DISCUSSION

In a single issue, Volis complains of the "stacking" of the sentence in trial court cause number A07-463, the drug-free zone case, on the sentence in trial court cause number A07-428. Volis argues the trial court was required to order the sentences in the two cases to run concurrently because both offenses, which are set out in Chapter 481 of the Texas Controlled Substances Act, were prosecuted together in a single criminal action and the convictions arose out of the same criminal episode. We agree.

Texas Health and Safety Code Section 481.132(d), which deals with multiple prosecutions under Chapter 481, states that "[i]f the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently." TEX. HEALTH & SAFETY CODE ANN. § 481.132(d) (Vernon 2003). By contrast, Texas Health and Safety Code Section 481.134(h), which deals with drug-free zones, states that "[p]unishment that

is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." *Id*. § 481.134(h).

As authority, Volis relies on *Williams v. State*, a case in which the court of criminal appeals analyzed Section 481.132(d) and Section 481.134(h), and concluded Section 481.132(d) applied under circumstances similar to those presented here. 253 S.W.3d 673, 677-78 (Tex. Crim. App. 2008). Like Volis, the defendant in *Williams* was convicted of multiple offenses under Chapter 481 of the Texas Controlled Substances Act, and the convictions arose out of the same criminal episode and were prosecuted in a single criminal action. *Id*.

In the present case, the State does not dispute that both offenses violated Chapter 481 of the Texas Controlled Substances Act, were prosecuted together in a single criminal action, and arose out of the same criminal episode. Section 481.132(a) defines a "criminal episode" as "the commission of two or more offenses under this chapter" when "(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme, plan, or continuing course of conduct; or (2) the offenses are the repeated commission of the same or similar offenses." TEX. HEALTH & SAFETY CODE ANN.§ 481.132(a) (Vernon 2003).

Additionally, the State does not attempt to distinguish *Williams*. Instead, the State "takes issue" with the reasoning and analysis presented in *Williams* and argues that Section 481.134(h) should control here. However, as an intermediate appellate court, we are bound to follow *Williams*. Under *Williams*, the controlling statute is Section 481.132(d), and Section 481.132(d) requires Volis's sentences to run concurrently. We hold the trial court erred in cumulating Volis's sentence in trial court cause number A07-463. We also recognize that the *Williams* opinion issued after Volis

was sentenced, and therefore, the trial court did not have the benefit of *Williams* when it sentenced Volis.

**CONCLUSION**

We sustain Volis's sole issue. We reform the judgment in trial court cause number A07-463 to delete the cumulation order. As reformed, we affirm the trial court's judgment in trial court cause number A07-463. We affirm the trial court's judgment in trial court cause number A07-428.

Karen Angelini, Justice

Do Not Publish