IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,120-01






EX PARTE IKENO JUAN COLBY CAMPBELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-58707-01-E IN THE 108TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to 10 years' imprisonment. He did not appeal his conviction.

 Applicant alleges inter alia that counsel was ineffective for failing to object to the cumulation
order on the basis that it was illegal to cumulate this sentence with his other delivery of a controlled
substance sentence under Section 481.132 of the Texas Health and Safety Code. See Williams v.
State, 253 S.W.3d 673 (Tex. Crim. App. 2008). Applicant alleges that counsel should not have
"allowed" him to enter into a plea agreement which allowed for an illegal sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing: (1) whether counsel believed that the cumulation
order in this cause was proper and, if so, why; (2) whether counsel had a strategic reason for not
objecting to cumulation order and, if so, shall detail such reason; (3) whether counsel advised
Applicant to accept the State's plea bargain offer in this cause and, if so, why; and, (4) whether the
State informed counsel that it would seek greater punishment in another cause if Applicant rejected
the plea bargain offer in this cause. Further, the trial court shall instruct the clerk to supplement the
record with a copy of the transcription of court reporter's notes from the plea hearing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced the Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel believed that the
cumulation order was proper and, if so, why. The trial court shall also make findings of fact as to
whether counsel had a strategic reason for not objecting to cumulation order. The trial court shall
also make findings of fact as to whether counsel advised Applicant to accept the State's plea bargain
offer in this cause. The trial court shall also make findings of fact as to whether the State informed
counsel that it would seek greater punishment in another cause if Applicant rejected the plea bargain
offer in this cause. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 16, 2009

Do not publish