

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00222-CR

_____

ALFRED MORELAND RODGERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23615

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Alfred Moreland Rodgers, Jr., appeals his conviction for possession of less than one gram of methamphetamine in a drug-free zone, and sentence of seven years' imprisonment. His sole point of error on appeal complains that his open plea of guilty was involuntary because the trial court allegedly failed to accurately admonish him with regard to the applicable punishment range.[1] We affirm the trial court's judgment because this issue has not been preserved for our review.

Simultaneously with his open plea of guilty to the charge mentioned above, Rodgers also entered an open plea of guilty for possession of less than one gram of methamphetamine in a drug-free zone and for possession of methamphetamine in an amount of four grams or more but less than 200 grams. (This second matter is the subject of another appeal, being cause number 06-10-00223-CR on the docket of this Court.) The trial court announced the punishment for both of these crimes and ordered that he serve both sentences concurrently.

Rodgers does not complain that he was unaware of the maximum and minimum years of imprisonment at the time of his guilty plea to both of these charges. In fact, he acknowledges that he understood the range of punishment, pursuant to the accurate written plea admonishments.

Rather, the complaint regards the pronouncement (and the written judgment) that the sentences for these two convictions be served concurrently, rather than consecutively. Rodgers points to Section 481.134(h) of the Texas Health and Safety Code, which provides that the

---

[1] In cause number 06-10-00223-CR, Rodgers appealed a conviction of possession of methamphetamine in an amount of four grams or more but less than 200 grams, and sentence of twelve years' imprisonment on the same grounds.

sentence for possession of drugs within a drug-free zone may not run concurrently with punishment for a conviction under any other criminal statute. Thus, Rodgers claims that the trial court was required to admonish him that "the two charges can not [sic] be run concurrently and must therefore be served consecutively."[2] At the same time, Rodgers complains that Section 481.134 "is in derogation of the generally recognized provision of Texas Penal Code §3.03 wherein multiple offenses of the same criminal episode prosecuted in a single criminal action are required to run concurrently." In other words, Rodgers complains that the sentences should run concurrently, even though they already run concurrently.

In any event, "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1). We have previously held that challenges to the voluntariness of a plea must be raised before the trial court to preserve the complaint for review on appeal. *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004)). While Rodgers filed a motion for

---

[2]The trial court was not required to admonish Rodgers that the two sentences would run consecutively for reasons other than the fact that consecutive sentences were not imposed. In *Williams v. State*, 253 S.W.3d 673, 678 (Tex. Crim. App. 2008), the Texas Court of Criminal Appeals wrote: "It is apparent from the language of this statute that a conviction for an offense listed anywhere within § 481.134 cannot run concurrently with a conviction for an offense under any *other* criminal statute. Just reading the statute under the auspices of common usage and grammar, 'any other criminal statute' means a criminal statute not listed within § 481.134." *Id*. Here, as in *Williams*, Rodgers' conviction in cause number 06-10-00223-CR was for violation of Section 481.115(d) of the Texas Health and Safety Code, a statute specifically listed in Section 481.134(c). TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(d), 481.134(c) (West 2010). As in *Williams*, Rodgers' punishment in this case was increased for a conviction listed under Section 481.134(c), but because "*all* of [Rodgers'] convictions were for offenses listed under § 481.134(c)," the trial court properly ordered that they be served concurrently. *Williams*, 253 S.W.3d at 678.

3

new trial, he failed to raise these issues with the trial court. Thus, any complaint with respect to voluntariness of his plea has not been preserved.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     August 15, 2011
Date Decided:      August 17, 2011

Do Not Publish