In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00222-CR

                                                ______________________________

 

 

                       ALFRED MORELAND RODGERS, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23615

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Alfred
Moreland Rodgers, Jr., appeals his conviction for possession of less than one
gram of methamphetamine in a drug-free zone, and sentence of seven years’
imprisonment.  His sole point of error on
appeal complains that his open plea of guilty was involuntary because the trial
court allegedly failed to accurately admonish him with regard to the applicable
punishment range.[1]  We affirm the trial court’s judgment because
this issue has not been preserved for our review.  

            Simultaneously
with his open plea of guilty to the charge mentioned above, Rodgers also
entered an open plea of guilty for possession of less than one gram of
methamphetamine in a drug-free zone and for possession of methamphetamine in an
amount of four grams or more but less than 200 grams.  (This second matter is the subject of another
appeal, being cause number 06-10-00223-CR on the docket of this Court.)  The trial court announced the punishment for
both of these crimes and ordered that he serve both sentences concurrently. 

            Rodgers
does not complain that he was unaware of the maximum and minimum years of
imprisonment at the time of his guilty plea to both of these charges.  In fact, he acknowledges that he understood
the range of punishment, pursuant to the accurate written plea
admonishments.  

            Rather,
the complaint regards the pronouncement (and the written judgment) that the
sentences for these two convictions be served concurrently, rather than
consecutively.  Rodgers points to Section
481.134(h) of the Texas Health and Safety Code, which provides that the
sentence for possession of drugs within a drug-free zone may not run
concurrently with punishment for a conviction under any other criminal
statute.  Thus, Rodgers claims that the
trial court was required to admonish him that “the two charges can not [sic] be
run concurrently and must therefore be served consecutively.”[2]  At the same time, Rodgers complains that
Section 481.134 “is in derogation of the generally recognized provision of
Texas Penal Code §3.03 wherein multiple offenses of the same criminal episode
prosecuted in a single criminal action are required to run concurrently.”  In other words, Rodgers complains that the
sentences should run concurrently, even though they already run concurrently. 

            In
any event, “[a]s a prerequisite to presenting a complaint for appellate review,
the record must show that:  (1) the
complaint was made to the trial court by a timely request, objection, or motion
. . . .”  Tex. R. App. P. 33.1(a)(1).  We have previously held that challenges to
the voluntariness of a plea must be raised before the trial court to preserve
the complaint for review on appeal.  Sims v. State, 326 S.W.3d 707, 713 (Tex.
App.—Texarkana 2010, pet. struck) (citing Mendez
v. State, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004)).  While Rodgers filed a motion for new trial,
he failed to raise these issues with the trial court.  Thus, any complaint with respect to
voluntariness of his plea has not been preserved. 

            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August
15, 2011

Date Decided:             August
17, 2011

 

Do Not Publish











[1]In
cause number 06-10-00223-CR, Rodgers appealed a conviction of possession of
methamphetamine in an amount of four grams or more but less than 200 grams, and
sentence of twelve years’ imprisonment on the same grounds.  





[2]The
trial court was not required to admonish Rodgers that the two sentences would
run consecutively for reasons other than the fact that consecutive sentences
were not imposed.  In Williams v. State, 253 S.W.3d 673, 678
(Tex. Crim. App. 2008), the Texas Court of Criminal Appeals wrote:  “It is apparent from the language of this
statute that a conviction for an offense listed anywhere within § 481.134
cannot run concurrently with a conviction for an offense under any other
criminal statute.  Just reading the
statute under the auspices of common usage and grammar, ‘any other criminal
statute’ means a criminal statute not listed within § 481.134.”  Id.  Here, as in Williams, Rodgers’ conviction in cause number 06-10-00223-CR was
for violation of Section 481.115(d) of the Texas Health and Safety Code, a
statute specifically listed in Section 481.134(c).  Tex.
Health & Safety Code Ann. §§ 481.115(d), 481.134(c) (West 2010).  As in Williams,
Rodgers’ punishment in this case was
increased for a conviction listed under Section 481.134(c), but because “all
of [Rodgers’] convictions were for offenses listed under § 481.134(c),” the
trial court properly ordered that they be served concurrently.  Williams,
253 S.W.3d at 678.