**MODIFY and AFFIRM; Opinion Filed March 1, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00392-CR
No. 05-12-00393-CR
No. 05-12-00394-CR
No. 05-12-00395-CR
No. 05-12-00396-CR
No. 05-12-00397-CR
No. 05-12-00398-CR

## MARCUS ANTRAY THOMAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F06-65061-R, F06-65062-R, F06-65539-R, F06-65970-R,
F06-73553-R, F06-73554-R, F06-87892-R

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Marcus Antray Thomas appeals his convictions in seven drug cases.[1] In three points of

error, appellant contends the mandatory cumulation provision of section 481.134 of the Texas

Health and Safety Code does not apply to these cases; alternatively, the trial court abused its

---

[1] Appellant was granted out-of-time appeals by the Texas Court of Criminal Appeals.

discretion by entering cumulation orders that were not orally pronounced at sentencing; and the cumulation order in cause no. 05-12-00396-CR should be deleted from the judgment. The State concedes the trial court improperly applied section 481.134(h) and that the cumulation orders should be deleted. We modify the trial court's judgments and affirm as modified.

Appellant waived a jury and pleaded guilty to the following offenses: (1) possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010); (2) possession with intent to deliver 3,4-methylenedioxy methamphetamine (MDMA) in an amount of four grams or more but less than 400 grams. *Id.* § 481.113(a), (d) (West Supp. 2012); (3) possession of MDMA in an amount of one gram or more but less than four grams. *Id.* § 481.116(a), (c) (West 2010); (4) delivery of cocaine in an amount of one gram or more but less than four grams. *Id.* § 481.112(a), (c); (5) possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams in a drug-free zone and while using or exhibiting a deadly weapon, a firearm. *Id.* §§ 481.112(a), (d), 481.134(b) (West 2010 & Supp. 2012); (6) possession with intent to deliver MDMA in an amount of four grams or more but less than 400 grams in a drug-free zone and while using or exhibiting a deadly weapon, a firearm. *Id.* §§ 481.113(a), (d), 481.134(b) (West Supp. 2012); and (7) delivery of cocaine in an amount of four grams or more but less than 200 grams. *Id.* § 481.112(a), (d) (West 2010). The trial court found appellant guilty and assessed punishment at ten years' imprisonment and a $500 fine in each case. The judgments in five cases order the sentences to run consecutively to the sentences in cause nos. 05-12-00396-CR and 05-12-00397-CR. The judgments in cause nos. 05-12-00396-CR and 05-12-00397-CR are ordered to run consecutively with one another.

In his first point of error, appellant contends the mandatory cumulation provision in section 481.134 does not apply to any of his cases. Appellant asserts that because all of the convictions are for offenses contained within Chapter 481 of the Texas Controlled Substances Act, the mandatory cumulation provision does not apply. The State agrees, stating that section 481.132(d), not section 481.134(h), applies to these cases.

Section 481.132 of the Texas Health and Safety Code states that if a defendant is convicted of "more than one offense arising out of the same criminal episode" prosecuted in one trial, then the sentences for the convictions must run concurrently. TEX. HEALTH & SAFETY CODE ANN. § 481.132(d). A criminal episode is defined as the commission of two or more offenses under Chapter 481 of the Texas Controlled Substances Act and the offenses are repeated commissions of the same or similar offense. *Id.* § 481.132(a)(2).

Section 481.134 provides for increased punishment for offenses committed within drug-free zones such as schools, youth centers, playgrounds, and public swimming pools. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134. Subsection (h), the cumulation provision, states punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute. *Id.* § 481.134(h). Thus, subsection (h) orders the cumulation of sentences when at least one offense for which a defendant is convicted is for an offense that is not listed within section 481.134. *See id.* § 481.134(c), (h). Section 481.134(h) does not apply to allow cumulation of drug-free zone offenses with other sentences for offenses under Chapter 481. *See Williams v. State*, 253 S.W.3d 673, 677–78 (Tex. Crim. App. App. 2008).

Appellant was indicted for and convicted of seven offenses under chapter 481 of the health and safety code. The offenses were repeated commissions of the same offense, and thus

-3-

part of the same criminal episode. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.132(a)(2). Appellant was prosecuted for all seven offenses in a single criminal action. *See* TEX. PENAL CODE ANN. § 3.03(a). None of the convictions was for an offense outside Chapter 481 of the health and safety code. Thus, the prohibition against concurrent sentencing found in section 481.134(h) does not apply to these cases. *See Williams*, 253 S.W.3d at 678. Rather, section 481.132(d) governs sentencing. *See id.* We sustain appellant's first issue.

We modify each judgment to delete the cumulation order. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Because of our disposition of appellant's first issue, we do not address his remaining issues.

As modified, we affirm the trial court's judgments.

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120392F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00392-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-65061-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00393-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-65062-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00394-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-65539-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.


Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.


Judgment entered March 1, 2013.



MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00395-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-65970-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00396-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-73553-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00397-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-73554-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS ANTRAY THOMAS,
Appellant

No. 05-12-00398-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F06-87892-R).
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The Cumulation Order is deleted.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered March 1, 2013.

MICHAEL J. O'NEILL
JUSTICE