

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00381-CR

CHRISTOPHER LORENZO PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B16857-0606, Honorable Edward Lee Self, Presiding

October 11, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Christopher Perez, appeals the trial court's judgment revoking his community supervision, specifically the trial court's failure to give appellant credit against his sentence of incarceration for the time appellant spent in a substance abuse treatment facility and a court-ordered residential treatment facility. Disagreeing with appellant, we will affirm.

Factual and Procedural Background

Appellant is not contesting the sufficiency of the evidence to sustain the trial court's decision to revoke appellant's community supervision. We will, therefore, only address those facts necessary for our resolution of the question raised.

For the purposes of our discussion, the following timeline, as reflected in the record of this case, is set forth:

1. November 6, 2006 - Appellant pleads guilty to the offense of driving while intoxicated 3rd or more offense, a felony.[1] Pursuant to the plea agreement, appellant was sentenced to five years' incarceration with the term of incarceration suspended and appellant was placed on community supervision for five years.

2. September 1, 2007 - Effective date of relevant amendments to TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b) (West Supp. 2012).[2]

3. January 28, 2009 - State files a motion to revoke.

4. February 24, 2009 - Appellant's community supervision is modified to extend the community supervision for three years and includes a provision that appellant is to complete Substance Abuse Felony Punishment Facility program (SAFPF).

5. June 1, 2009 - Appellant, while incarcerated and awaiting transfer to the SAFPF, pleads guilty to another driving while intoxicated offense in Floyd County, Texas, and was sentenced to another five year term of confinement in the Institutional Division of the Texas Department of Criminal Justice.

6. May 24, 2010 - After being granted parole on the Floyd County driving while intoxicated case, appellant is transferred to SAFPF.

7. October 27, 2010 - Trial court orders appellant's upcoming release from SAFPF after receiving notice that appellant is scheduled to successfully complete program. Trial court sets tentative discharge date of December 27, 2010.

---

[1] See TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2012).

[2] See Act of May 21, 2007, 80th Leg., R.S., ch. 1205, §§ 8, 10, 2007 Tex. Gen. Laws 4078, 4081.

8. December 27, 2010 - Appellant is released from SAFPF and sent to the Billy Meeks after-care program.

9. February 25, 2011 - Appellant completes Billy Meeks program and is released from it.

10. June 25, 2012 - State files motion to revoke appellant's community supervision, alleging several technical violations.[3]

11. August 13, 2013 - Trial court holds hearing on motion to revoke and revokes appellant's community supervision and sentences appellant to five years in the ID-TDCJ and orders appellant to pay court costs and fine of $1,500.

12. August 28, 2012 – Appellant files motion for new trial requesting that a hearing be held on the time credit to which appellant might be entitled.

13. August 29, 2012 - Trial court enters order overruling appellant's motion for new trial.

Appellant subsequently perfected his appeal and now presents the Court with a single issue regarding time credit for the nine months he spent in residential treatment. Appellant contends that the refusal of the trial court to grant him credit for the nine months he spent at the SAFPF and the Billy Meeks after-care program amounts to an abuse of discretion. We disagree with appellant's contention and will affirm.

Standard of Review

Appellant's issue is asking this Court to interpret the statute, section 23(b), therefore, we will apply a *de novo* standard of review. See Williams v. State, 253 S.W.3d 673, 677 (Tex.Crim.App. 2008).

---

[3] The State's allegations, to which appellant pleaded "true," related to (1) failure to maintain employment in accordance with the terms of community supervision; (2) failure to update supervision office of change in employment; (3) failure to pay court costs, fines, supervision fees, and Crime Stoppers fees; and (4) failure to make adequate progress toward completion of required hours of community service.

Analysis

Appellant's issue is grounded in a change that the legislature made to article 42.12, section 23(b) of the Texas Code of Criminal Procedure in 2007. See TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b).[4] Prior to September 1, 2007, the statute did not provide for any credit for time a probationer might have spent in residential treatment while on community supervision. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 23(b), 1993 Tex. Gen. Laws 3586, 3741–42 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b)).[5] When section 23(b) was amended in 2007, it was amended to read as follows:

> No part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve, except that on revocation, the judge shall credit to the defendant time served by the defendant as a condition of community supervision in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under Section 493.009, Government Code, or another court-ordered residential program or facility, but only if the defendant successfully completes the treatment program in that facility.

§ 23(b). This change in the law only applied to those "initially placed on community supervision on or after the effective date" of the amendment. See Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 10, 2007 Tex. Gen. Laws 4081. The effective date of this amendment was set at September 1, 2007. See Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 11, 2007 Tex. Gen. Laws 4081.

---

[4] Further reference to article 42.12 of the Texas Code of Criminal Procedure shall be by reference to "section ____" or "§ ____."

[5] This former provision, applicable to this matter, provided that "[n]o part of the time that the defendant is on community supervision shall be considered as any part of the time that he shall be sentenced to serve."

We are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to an absurd result. See Thompson v. State, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007) (citing Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991) (en banc)). We note that the statute's plain language says that it only applies to those "initially placed" on probation after the effective date, September 1, 2007. See Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 10, 2007 Tex. Gen. Laws 4081. Neither the amendment nor the Texas Code of Criminal Procedure defines "initial" or "initially." In the absence of statutory definition, we use the term in its ordinary and common usage. See TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). In its ordinary and common usage, the term "initial" is defined as "of or relating to the beginning." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 643 (11th ed. 2003). Therefore, if we simply read the plain language of the statute, appellant's issue is not sustainable; his community supervision began in November 2006, well before the effective date of the amendment at issue. To avoid this result, appellant contends that such a reading would lead to an absurd result.

Appellant attempts to reach the "absurd result" plateau by viewing the legislative history behind the passage of the 2007 amendments to section 23(b). Under appellant's theory, this amendment was passed in an effort to help alleviate overcrowding in the prison system and to provide more space for those convicted of more serious offenses. See Tex. House Comm. on Corr., Bill Analysis, C.S.H.B. 1678, 80th Leg., R.S. (2007). Even if we accept appellant's factual assertion about why the statute at issue was amended, there is still no showing that, when we follow the literal statement of the statute regarding the effective date, September 1, 2007, we reach an absurd result. This is so because we must also assume that the legislature knew, when

5

it passed the amendment to section 23(b), that there were people on community supervision who might subsequently be sent to a SAFPF or some other court-ordered residential treatment facility, and we must give full effect to the entire statutory scheme as enacted by the legislature.[6]  See Bays v. State, 396 S.W.3d 580, 584 (Tex.Crim.App. 2013).  Giving full effect to the entire statute would include recognition and application of the effective date of the statute.  See id.  It is not for the Court to add or subtract from such statute, absent some ambiguity.  Boykin, 818 S.W.2d at 785.  Contrary to appellant's position, giving full effect to the entire statute does not reach an absurd result; it may reach what appellant thinks is an unfair result, but it is not an absurd result.  Accordingly, we overrule appellant's single issue.

Conclusion

Having overruled appellant's single issue, we affirm the judgment as entered by the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[6] Indeed, the legislature contemplated and specifically addressed the issue relating to those defendants "initially placed on community supervision before the effective date of the [amendment]": they are to be "governed by the law in effect immediately before [September 1, 2007]."  Act of May 21, 2007, 80th Leg., R.S., ch. 1205, § 10, 2007 Tex. Gen. Laws 4081.