

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-62,564-01

### EX PARTE DAMIAN BLAIN ALLEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR15255-A IN THE 220TH DISTRICT COURT
### FROM BOSQUE COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to delivery of a controlled substance in a drug free zone in exchange for deferred adjudication community supervision. He later pleaded true to violating the terms of his deferred adjudication community supervision in exchange for a sentence of five years' imprisonment, to run concurrently with a two-year sentence after revocation of community supervision in an aggravated assault case. Applicant did not appeal his conviction or adjudication. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because adjudication counsel gave him erroneous advice about parole eligibility. Applicant alleges that trial counsel told him that he would

be eligible for parole after serving two years in prison (which was the length of the concurrent sentence in the aggravated assault case). Applicant is being treated as ineligible for parole because of the drug free zone allegation to which he pleaded guilty. *See* TEX. GOV'T CODE §508.145(e).

Applicant's adjudication counsel has submitted an affidavit in which she states that she repeatedly advised Applicant that she does not "practice parole" and that he should get a parole attorney. However this Court has held that counsel has a duty to provide correct advice with regard to parole eligibility:

> In situations in which the law is not clear, counsel should advise a client that pending criminal charges may carry a risk of other serious consequences. When a serious consequence is truly clear, however, counsel has an equally clear duty to give correct advice. Both failure to provide correct information and providing incorrect information violate that duty.

*Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012).

In her affidavit, trial counsel also states that she pointed Applicant to research suggesting that the parole eligibility requirements of Section 508.145(e) of the Texas Government Code "arguably" do not apply to the specific subsection of the drug free zone statute pursuant to which Applicant was sentenced in this case. Counsel does not identify the source of this research, but the record shows that she relied upon a similar theory to argue that Applicant's sentence after adjudication in this case did not have to run consecutively with his sentence in the aggravated assault case, as would seem to be required by Section 481.134(h) of the Texas Health and Safety Code and this Court's holding in *Williams v. State*, 253 S.W.3d 673, 678 (Tex. Crim. App. 2008). The State did not dispute counsel's argument with regard to concurrent sentencing, and the trial court ordered Applicant's sentences to run concurrently. However, trial counsel does not respond directly in her affidavit to

Applicant's claim that she told him he would be eligible for parole in two years.

Contrary to the trial court's findings of fact and conclusions of law, the transcript of the adjudication hearing does not show that counsel stated on the record that Applicant would be eligible for parole on this sentence after two years. Rather, the record reflects that counsel advised Applicant that he would have to serve the concurrent two-year sentence for the aggravated assault day-for-day. There is no discussion on the record about Applicant's parole eligibility for this sentence.

Applicant also alleges that had he been aware that he would not be eligible for parole on this five-year sentence, he would not have agreed to plead "true" to the allegations in the motion to adjudicate in exchange for that sentence, but would instead have opted for a "substance abuse plan." There is nothing in the record to indicate that Applicant was given the option to participate in a substance abuse plan in lieu of the five-year sentence. In her affidavit, adjudication counsel states that the only offers available were for prison time, and that five years was the lowest offer the State would consider.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel to respond specifically to Applicant's claim that she advised him that he would be eligible for parole in two years. The trial court shall also obtain an affidavit or response from the trial prosecutor, stating whether there were any other options involving drug treatment in lieu of the five-year prison sentence offered to Applicant in exchange for his plea at adjudication. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and

wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel gave Applicant erroneous advice as to his parole eligibility. If adjudication counsel's advice regarding parole eligibility was incorrect, the trial court shall make findings of fact and conclusions of law as to whether Applicant would have pleaded "true" or whether he would have insisted on going to a contested adjudication hearing but for counsel's erroneous advice. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea of true was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: May 12, 2021
Do not publish