No. PD-0071-17

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Robert E. Marzett,

Petitioner,

vs.

STATE OF TEXAS,

Respondent.

On petition for review from Cause No. 02-16-00043-CR in the SECOND DISTRICT COURT OF APPEALS; Trial Court Cause No. CR-2014-01023-E from COUNTY CRIMINAL COURT NO. 5, DENTON COUNTY, TEXAS

PETITION FOR DISCRETIONARY REVIEW

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 28, 2017

ABEL ACOSTA, CLERK

Robert E. Marzett
9720 Coit Road #220-16
Plano, Texas, 75025
214-868-8698
Remarzett@gmail.com

# IDENTITY OF PARTIES

1.  Petitioner:
    Robert E. Marzett, sui juris
    9720 Coit Road  #220-116
    Plano, Texas
    (214) 868-8698
    remarzett@gmail.com

2.  Respondent:
    STATE OF TEXAS
    Catherine Luft
    ASSISTANT DENTON COUNTY DISTRICT ATTORNEY
    1450 East McKinney,  Suite 3100
    Denton, Texas 76209

# TABLE OF CONTENTS

IDENTY OF PARTIES & COUNSEL …………………………..………...ii

INDEX OF AUTHORITIES …………………………………..………..iii

STATEMENT OF THE CASE ……………………………………...…vi

STATEMENT OF PROCEDURAL HISTORY ………………………...…viii

GROUNDS FOR REVIEW ……………………………………….................ix

ARGUMENT AND REASONS FOR REVIEW………………………………1

PRAYER ……………………………………………………………20

CERTIFICATE OF SERVICE ………………………………………..21

CERTIFICATE OF COMPLIANCE ……………………………....…21

INDEX TO APPENDIX

# INDEX OF AUTHORITIES

## <u>CONSTITUTIONS</u>

### <u>Constitution of the United States of America</u>

U.S. Constitution, Fourth Amendment  …………………………………….…..8,13

U.S. Constitution, Fifth Amendment  …………………………………....…18

U.S. Constitution, Fourteenth Amendment .  …………………………….…18


### <u>Federal Cases 18</u>

*Bose Corp. v. Consumers Union of United States, Inc.*

  466 U.S. 485, 514 n.31(1984)  ……………………………………...…7

*Heien v. North Carolina*, 135 S.Ct. 530  ……………………………...…8,9

*Marbury v. Madison*, 5 U.S. 137, 178 (1803)

…………………………………………..…2

*Pierce v. Underwood*, 487 U.S. 552, 558 (1988)

…………………………………….….6

*Teague v. Lane*, 489 U.S. 288, 300-01  …………………………………..2

*United States v. LaBonte,* 520 U.S. 751,757 (1997)

…………………………………..…...5

*Waller v. Florida*, 397 U.S. 387 (1969)  …………………………...............18


### <u>Texas Cases</u>

*Arguellez v. State*, 409 S.W.3d 657, 663 (Tex. Crim. App. 2013)  …………..……7

*Bernard v. State*, 481 S.W.2d 427, (1972) (RehearingDenied  …..………...18,19

*Coit v. STATE OF TEXAS*, 808 S.W.2d. 473, 475

  (Tex.Crim.App. 1991)  …………………………………..……..11

*Davis v. State*, 329 S.W.3d 798, 815 (Tex. Crim. App. 2010) …………….…16

*Ex Parte Davis*, 412 S.W.2d 46, 52 (Tex.Crim.App. 1967) ……………………11

*Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863,

      867-68 (Tex.2009) ……………………………………………….…4

*Harris v. State*, 827 S.W.2d 949, 955 (Tex. Crim. App. 1992) …………….....16

*In Re Smith*, 333 S.W.3d 582, 586 Tex. 2011) ……………………………..……4

*Kothe v. State*, 152 S.W. 3d 54, 62-63 (Tex. Crim. App. 2004) ………………13

*Lane v. State*, 933 S.W.2d 504, 515 n.12

      (Tex. Crim. App. 1996) (en banc) …………………………………...11

*Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex.2008) …………………………4

*Montgomery v. State*, 810 S.W.2d 272, 291(Tex. Crim.

      App. 1990) (op'n on rehearing) …………………………………..…16

*Parker v. State*, 182 S.W.3d 923, 925 (Tex. Crim. App. 2006) …………….…7

*State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ………….…...12

*State v. Mendoza*, 365 S.W.3d 666 (Tex. Crim. App. 2012) ……………...12,13

*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) …………........7,10

*State v. Sheppard,* 271 S.W.3d 281, 291-92 (Tex. Crim.

      App. 2008). ref'd n. r. e.) …………………………………………...12

*Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008) …………….7

## STATUTES

**Texas Bills**

Acts 1995, 74th Leg., Ch. 165, Senate Bill No. 971 ……………………………5

**Texas Statutes**

TC §502.040(a) …………………………………………………………………9

TC §521.025 ………………………………………………..……………..17

TC §708.003……………………………………………..…………………...13

TC §708.052 ...…....…………………………………………………………14

TC §708.103 …………………………………………………………………..14

TC §708.104 …………………………..…………………………………...14

TC §708.151 …………………………………………………………………14

TC §708.152 …………………………………...……………………………14

## FEDERAL PULES OF EVIDENCE

Federal Rule of Evidence 201 ………………………………..……………3

## TEXAS RULES

RULES OF EVIDENCE 201 …………………….…………………………….3

## OTHER AUTHORITIES

Black's Law Dictionary …………………………………………..……3

Federalist. No. 78 …………………………………………………………..2

John F. Manning, *The Absurdity Doctrine*, 116
 HARV. L. REV. 2387, 2456–59 (2003) ……………………….……5

## STATEMENT OF THE CASE

Mr. Marzett was charged with operating a motor vehicle during a period when his license or privilege to operate a motor vehicle was suspended or revoked in the COUNTY CRIMINAL COURT NO. 5, DENTON COUNTY, TEXAS. He filed pretrial motions to disqualify the trial judge, challenging the constitutional qualifications and status of the trial judge; motion to suppress, challenging the reasonableness of his seizure under the Fourth and Fourteenth amendments and the Texas constitution, Art. 1 §9; motion to quash the information, challenging the jurisdiction of the trial court to hear this case on multiple grounds; and a request for judicial notice of the definition of the term "transportation." All motions were denied and he was convicted in a trial to the bench and sentenced to forty-five days in jail, probated for twenty-four months, and to pay a $500 fine. The trial court also imposed eight days confinement as a condition of community supervision.

Mr. Marzett timely appealed to the SECOND DISTRICT COURT OF APPEALS and on appeal argued thirteen issues, all of which were based on challenges to the trial court interpretation of the term "transportation," as used to express the subject matter of the TRANSPORTATION CODE. Appellant also challenged the interpretation of specific terms defined by statute including "state," "state judge," "local authority," "police officer," "person," vehicle, motor vehicle,

and "public highway." Petitioner argued that these mistakes of law led the trial COURT to incorrectly apply the law to the facts. This resulted in a conviction that was not supported by a correct interpretation of the law. Appellant also renewed in the COURT OF APPEALS, all the arguments that he made in the motions filed in the trial court, all based on mistakes of law.

On September 29, 2016, the SECOND DISTRICT COURT OF APPEALS issued a MENORANDUM OPINION affirming the conviction in the trial COURT.

## STATEMENT OF PRECEDURAL HISTORY

On September 29, 2016, the SECOND DISTRICT COURT OF APPEALS issued an unpublished opinion affirming Appellant's conviction. On November 3, 2016, Appellant timely filed a motion to extend time to file his motion for en banc reconsideration. On November 10, 2016, the COURT granted Appellant's motion to extend time. On November 28, 2016, Appellant timely filed his motion for en banc reconsideration. On December 8, the COURT denied Appellant's motion for en banc reconsideration. Appellant timely filed a motion to extend time to file his petition for discretionary review. On January 26, 2017, The Court of Criminal Appeals granted Appellant's motion to extend time to file his petition for review. This petition is due on March 27, 2017

# **GROUNDS FOR REVIEW**

1. *Whether the COURT OF APPEALS applied the correct standard of review on all questions of law raised by Appellant in his brief when deciding this case?*

2. *Whether the trial court's findings of fact are supported by a correct interpretation of the TRANSPORTATION CODE?*

3. *Whether the trial court JUDGE abused its discretion based on a correct interpretation of the TRANSPORTSTION CODE.*

4. *Whether Appellant was subjected to double jeopardy in this prosecution?*

## INDEX TO APPENDIX

Exhibit A  -  SECOND COURT OF APPEALS JUDGMENT

Exhibit B  -  SECOND COURT OF APPEALS OPINION

Exhibit C  -  SECOND COURT OF APPEALS DENIAL EN BANC

## ARGUMENT AND REASONS FOR REVIEW

This case presents compelling reasons why the standard of review used by the COURT OF APPELAS to review Appellant's case was not the correct standard. Appellant raised multiple questions of law regarding the court's interpretation of the TRANSPORTATION CODE. These mistakes of law resulted in trial court that were fundamentally flawed. Discretionary review is warranted in this case because the COURT OF APPEALS completely failed in its responsibility to provide Appellant the correct standard of review. This Court should conduct it own plenary review to determine whether of not the findings of the trial COURT JUDGE are supported by the context and the text of the TRANSPORTATION CODE.

## 1. Did the COURT OF APPEALS apply the correct standard of review?

Appellant challenged the definition of the technical term "transportation," as used to express the "activity" subject to regulation by this code. Appellant challenged the interpretation of specific terms defined by statute, including "state," "STATE JUDGE," "police officer," "person," "vehicle," "motor vehicle," "operator" and any grammatical variation thereof (operator, operating, operated, etc.), "drive" and any grammatical variation thereof (driver, driving, driven, etc.) and "public highway." These terms must be interpreted in the context of "transportation."

Within the United State's system of separated powers, judges have a unique and dangerous role as the interpreters of the law. Although Congress and the Executive have almost exclusive lawmaking, courts are charged with applying that law, a task that itself can become law declarative. *Cf Teague v. Lane*, 489 U.S. 288, 300-01 (plurality opinion) (recognizing judicial decisions as embodying a generative law declaration power). To prevent judges from slipping too far into that law declarative realm, textualism limits their interpretive resources to the text of the statute and certain objective tools for interpreting the text.

Hill and the trial JUDGE made "mistakes of law" interpreting the definitions of these terms. Challenges to interpretation are "questions of law." Alexander Hamilton made a definitive statement in Federalist. No. 78 when he said, "The interpretation of the laws is the proper and peculiar province of the courts." This doctrine was repeated in *Marbury v. Madison,* 5 U.S. 137, 178 (1803), by Justice Marshall when he stated "It is emphatically the province and duty of the judicial department to say what the law is." A clear definition would provide the context in which this code should be interpreted. "Fair notice" of what is being regulated is a crucial element of the modern rule of law. Textualism as fair notice emphasizes the importance of interpreting laws as their subjects would fairly have expected

them to apply. The traditional concept of fair notice demands that no Citizen be held to account under a law the content of which he is unable to know beforehand. Failure by the JUDGE to consider the context/subject matter, potentially subjects Citizens to his own personal interpretation of the law, rather than the actual text. When asked to take judicial notice of the definition of "transportation," taken from Black's Law Dictionary, the JUDGE stated: (RR Vol. 3:11):

> "Mr. Marzett, I am not willing to take judicial notice. I believe those would be fact issues for the finder of facts. I'm not going to invade the province of the jury, should this be a jury trial. And I'm not going to comment, otherwise. If I made a ruling now and it ends up that it is going to be a bench trial, I believe I'm commenting on the weight of the evidence or making rulings on that. I'm just not willing to do that. So that motion will be denied."

This statement proves the trial JUDGE refused to follow Texas Rule of Evidence 201or Federal Rule of Evidence 201 by taking judicial notice of the definition of this term which is generally known within the trial court's territorial jurisdiction and whose accuracy cannot reasonably be questioned. The JUDGE provided "his own" definition of transportation by stating: "I believe we can use the common definition of transportation, and I understand that you have put different definitions that you've found. There is also the definition, a way of traveling from place to place" (RR Vol.

4:17:4-18:7). Considering the JUDGE cited a definition as did Appellant, renders "transportation" to more than one interpretation. When there are multiple interpretation, there is ambiguity; therefore the doctrine of lenity should apply. *In Re Smith,* 333 S.W.3d 582, 586 Tex. 2011) (When construing a statute, we begin with its language. "[W]e consider it 'a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent.'" *Leland v. Brandal,* 257 S.W.3d 204, 206 (Tex.2008) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999)). But when statutory language is susceptible to more than one reasonable interpretation, we look beyond its language for clues to the Legislature's intended meaning. *See Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 867-68 (Tex.2009) (referencing TEX. GOV'T CODE § 311.023).)

There was no showing that Citizens of Texas were given "fair notice" of what activity is being regulated, which raises a question of law. The COURT OF APPEALS answered this question of law by stating "Appellant was convicted of DWLI. The definition of the term "transportation" is irrelevant to any substantive issue. Appellant provided a proposed definition of "transportation" that he insisted the trial court accept by taking judicial notice. Appellant cites no relevant authority to support his argument. We

overrule Appellant's fifth issue." This statement by the COURT OF APPEALS is shocking and ignores the stated "subject matter" of this code as expressed in the adopting Bill. Acts 1995, 74[th] Leg., Ch.165, S.B. No. 971, 1995 ("An Act relating to the adoption of a nonsubstantive revision of the statutes **relating to transportation**." (emphasis added).). The Legislature intended for the TRANSPORTATION CODE to regulate "transportation." "Transportation" establishes the context by which this code should be interpreted. The notion advanced by the COURT OF APPEALS that "transportation" is irrelevant to any substantive issue" is alarming and raises question regarding the competency of the COURT OF APPEALS to review this case.

Furthermore, when the legislature defines a term within a code, the courts are bound to interpret the term in light of the context and as defined by the legislature; not as they think it should have been defined. *See United States v. LaBonte,* 520 U.S. 751,757 (1997) (Using dictionaries to determine the "ordinary meaning" of "maximum"). As prominent textualists have explained, however, recourse to dictionary definitions typically does not itself resolve the entire interpretive question — the defined word must still be understood in its context. *See, e.g.,* John F. Manning, *The Absurdity Doctrine*, 116 HARV. L. REV. 2387, 2456–59 (2003).

Under Texas law, when the issue turns on a question of law (i.e., the trial court errs in applying the law), the proper standard of review is de novo. Legal issues, such as probable cause, are reviewed de novo.. Similarly, application of law-to-fact issues that do not turn on credibility and demeanor are subject to de novo review.

Rights protected by the U.S. Constitution are at issue, therefore, the U.S. Supreme Court's judicial review of questions of law is controlling and straightforward. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988) (For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for "abuse of discretion").). Under *de novo* review, the appellate court acts as if it were considering the question for the first time, affording no deference to the decisions below. This is sometimes also called plenary review or the "legal error" standard. It allows the appeals court to substitute its own judgment about whether the lower court correctly applied the law. The U.S. Supreme Court has said that de novo review occurs when a reviewing court makes an original appraisal of all the evidence to decide whether or not it believes [the conclusions of the trial court.] *Bose Corp. v. Consumers Union of United States, Inc.* 466 U.S. 485, 514 n.31(1984).

Appellant made the proper objections in the trial court to preserve these questions of law for review. A complete record of the trial court proceedings, including the CLERK'S RECORD and the REPORTER'S RECORD is available for review.

It shocks the senses that a Citizen of the Union can be convicted in a proceeding rife with mistakes of law, fundamental errors and abuses of discretion, all of which have been preserved in the trial court record and not reviewed de novo. This case involves Appellant's rights as a Citizen of a Union state, therefore the U.S. Supreme Court's standard of de novo review should be applied. If de novo review reveals Appellant's interpretation of the TRANSPORTATION CODE is unreasonable, this Court can express why it is unreasonable and why the arresting officer's and the trial court Judge's interpretations are reasonable. De novo review is required to adress these challenges: constitutionality of a statute; motion to quash, *See State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004); reasonable suspicion, *See Arguellez v. State*, 409 S.W.3d 657, 663 (Tex. Crim. App. 2013); standing, *See Parker v. State*, 182 S.W.3d 923, 925 (Tex. Crim. App. 2006); and statutory construction, *See Williams v. State,* 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). Appellant made these challenges but did not receive de novo review. This was fundamental error.

## 2. **Are the COURT OF APPEALS' findings supported by a correct interpretation of the TRANSPORTATION CODE?**

In its Opinion, the COURT OF APPEALS used many statutory terms to describe Appellant, his activities and his property. Appellant challenged reasonable suspicion for his seizure under the state constitution and the Fourth Amendment. Prior to the seizure, Hill made a legal conclusion that Appellant was required to register his private property as a vehicle and display license plates. Appellant challenged Hill's interpretation of the law as a mistake of law. The same standard applied by the U.S. Supreme Court in *Heien v. North Carolina*, 135 S.Ct. 530 to determine the reasonableness of a seizure, should have been applied to this case. Heien argued Darisse's understanding that Heien was required to have two working "stop lamps was based on a mistake of law. The primary question rested on whether or not a "stop lamp" was included in the term "rear lamps" or "other lamps." The North Carolina Courts disagreed on this issue but each expressed their understanding of the relevant statutes. In deciding the case the Supreme Court stated:

> "Here we have little difficulty concluding that the officer's error of law was reasonable. Although the North Carolina statute at issue refers to "*a* stop lamp," suggesting the need for only a

single working brake light, it also provides that "[t]he stop lamp may be incorporated into a unit with one or more *other* rear lamps." N.C. Gen.Stat. Ann. § 20-129(g) (emphasis added). The use of "other" suggests to the everyday reader of English that a "stop lamp" is a type of "rear lamp." And another subsection of the same provision requires that vehicles "have all originally equipped rear lamps or the equivalent in good working order," § 20-129(d), arguably indicating that if a vehicle has multiple "stop lamp[s]," all must be functional." *Heien v. North Carolina*, 135 S.Ct. 530, 540 (2014)

The U.S. Supreme Court concluded the Darisse made a mistake of law, however, it was reasonable. The mistake was reasonable because the relevant statutes could read to reasonably support the Darisse's understanding. Hill's conclusion that Appellant was required to register or display license was challenged in a pre-trial motion to Suppress (CR Vol. 1:80-100). The COURT OF APPEALS did not even address Appellant's motion to suppress. The COURT conducted no examination of what the requirements are for registration and displaying license plates. The COURT did not examine TC §502.040(a) which states what entities are required to register and display license plates or other terms that are statutorily defined and challenged. Hill stated on cross-examination that he "Knew nothing about you [Appellant] other than you were driving a white Suburban, date and time listed in the report. That's all I knew about you, sir" (RR Vol. 4:55:12-25). No articulable knowledge that Appellant was required to display plates amounts to no

reasonable suspicion.

Appellant also challenged other terms defined by statute including (1) "state," (2) "state judge," (3) "person," (4) "vehicle," (5) "motor vehicle," (6) "operate" and any grammatical variation thereof (operator, operating, operated, etc.), (7) "drive" and any grammatical variation thereof (driver, driving, driven, etc.), (8) "police officer," and "public highway."

Use of these terms by Hill and the courts in conjunction with Appellant raises questions of law and were challenged (CR Vol. 1:51-56, 80-100, 101-119, 136-175 166-178). Motions to quash are reviewed de novo. *State v. Moff*, 154 S.W.3d 559, 601 (Tex.Crim.App. 2004) stated:

> "The sufficiency of an indictment is a question of law. When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue. While this case is different from *Guzman* in that it involves the Appellee's due process right to notice of the charges against him, our reasoning for modifying the standard of review is the same. The trial court's decision in this case was based only on the indictment, the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue. Because the Court of Appeals used an abuse of discretion standard of review, we will conduct a *de novo* review of the trial court's ruling rather than review the decision of the Court of Appeals."

The COURT OF APPEALS did not examine the definition of a single

statutory term or explain how that definition applied to Appellant, his activities or his property. The COURTS OF APPEALS OPINION merely stated what Hill testified to or what he "believed" or "felt" instead of what facts the trial court actually found to be true. The trial COURT and the COURT OF APPEALS should have interpreted all statutory terms as they were defined by the legislature within the context of "transportation."

> "However, we have held that use of dictionary definitions of words contained in the statutory langauge is part of the "plain meaning" analysis that an appellate court initially conducts to determine whether or not the statute in question is ambiguous. [*Lane v. State*, 933 S.W.2d 504, 515 n.12 (Tex. Crim. App. 1996) (en banc)]

> "With rare exceptions, courts must apply penal statutes exactly as they read." *citing Ex parte Hayward*, 711 S.W. 2d. 652, 655-656 (ex.Crim.App. 1986); see 1 LaFave & Scott, *Substantive Criminal Law* § 2.2(b)-(d) (1986). [*Coit v. STATE OF TEXAS*, 808 S.W.2d 473, 475 (Tex.Crim.App. 1991)]

> "Where the statute is clear and unambiguous the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." [*Ex Parte Davis*, 412 S.W.2d 46, 52 (Tex.Crim.App. 1967)]

It is essential that courts correctly determine whether the issue at hand is a fact issue or a legal issue. The distinction between the two is not always an easy one. The Court of Criminal Appeals has recognized the problems created when courts confuse "the apples of explicit factual findings with the

oranges of conclusions of law," and urged trial judges to make explicit fact findings and credibility determinations to avoid speculation on appeal. *State v. Sheppard*, 271 S.W.3d 281, 291-92 (Tex. Crim. App. 2008). ref'd n. r. e.). In this case, Appellant requested explicit findings of fact and conclusions of law from the trial COURT (CR Vol. 1:179-182), but it refused to do so (CR Vol. 1:184). *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006), held that upon the request of the losing party on a motion to suppress, the trial court must make findings of fact and conclusions of law adequate to allow an appellate court to review the trial court's application of the law to the facts. Findings may be orally stated on the record or in writing, served on the parties within 20 days of the trial court's ruling. *Id*. at 699-700. In *State v. Mendoza,* 365 S.W.3d 666 (Tex. Crim. App. 2012), this Court reiterated that appellate courts should determine what the trial court actually believed rather than what it may have believed. *Id.* at 670-71. In that case, the trial judge included fact findings that merely stated what various witnesses testified to or what they "believed" or "felt" instead of what facts the trial court actually found to be true. The Court of Criminal Appeals characterized these findings as "weasel words," which, when combined with "factual juxtapositions" within the findings

created doubt that the judge "fully credited [the officer's] version of events." *Id*. at 671.

Many issues involve mixed questions of law and fact, such as the reasonableness of a detention. *Kothe v. State*, 152 S.W. 3d 54, 62-63 (Tex. Crim. App. 2004). The trial court determines what the facts are, and the appellate court accepts those facts as true if supported by the record. But the appellate court determines de novo whether the accepted facts establish that the detention was reasonable, because "'reasonableness' is ultimately a question of substantive Fourth Amendment law." *Id.* The record shows the trial JUDGE incorrectly interpreted the "subject matter" and certain statutory terms used in this code, and in so doing, incorrectly applied those terms to the facts of this case.

The COURT OF APPEALS also found that there were three valid suspensions of Appellant's license at the time of this transaction. The COURT cited a July 18, 2012 Surcharge default and suspension and two suspensions on August 1, 2012. A review of the record shows one surcharge default and suspension issued on July 19, 2012 and one suspension order issued October 18, 2012. TC §708.003 states, "For purposes of this chapter, a conviction for an offense to which this chapter applies is a final conviction,

regardless of whether the sentence is probated." TC §708.052 addresses the assignment of points for certain convictions. TC §708.103 addresses surcharges for conviction of driving while license invalid or without financial responsibility. TC §708.104 addresses surcharges for conviction of driving without a valid license. TC §708.151 addresses the requirement for a first second and third notice of a surcharge. TC §708.152 states "FAILURE TO PAY SURCHARGE. (a) If on the 60th day after the date the department sends a second notice under Section 708.151 the person fails to pay the amount of a surcharge on the person's license or fails to enter into an installment payment agreement with the department, the license of the person is automatically suspended. A person's license may not be suspended under this section before the 105th day after the date the surcharge was assessed by the department."

These statutes establish that a valid suspension, must be supported by a valid "final conviction," and proof of the assessment and proper notice under TC §708.151. TC §708.152 requires that a valid suspension cannot be ordered before the 105th day after the date the surcharge was assessed. An examination of the trial exhibits relied on by the trial COURT and the COURT OF APPEALS shows there is not a "final conviction" to support the

July 18, 2012 surcharge (RR Vol. 5) and no proof of notice to show 105 days has elapsed since the notice of a surcharge was issued. The record also shows there is only one "order of suspension" dated October 18, 2012 (RR Vol. 5). The October suspension references a conviction in the JUSTICE OF THE PEACE COURT, CAUSE NO. 4TR1200765. This alleged conviction was overturned in a trial de novo to the COLLIN COUNTY COURT AT LAW #1, Case No. 001-85793-2012 (CR Vol. 1:42-43). This acquittal occurred prior to the DISTRICT ATTORNEY filing any complaint and information in the COUNTY CRIMINAL COURT NO. 5 (CR Vol. 1:16). None of these facts have been disputed. There was no valid conviction, surcharge or suspension upon which to base the instant charge.

Appellant's license expired on June 20, 2008 by operation of law due to lapse of time and was never suspended prior to expiration. Appellant never renewed the license. Appellant challenged the validity of any information and conviction based on any alleged surcharges or convictions.

The COURT OF APPELAS should not have accepted the findings of the trial COURT and should have conducted its own de novo review of the record to determine if those findings were correct. Failure to do so is harmful reversible error and should be reviewed de novo.

**3. Did The COURT OF APPEALS apply the correct standard of review to the trial COURT's abuse of discretion?**

Appellant challenged the exercise of discretion by the trial JUDGE because of his failure to correctly interpret and apply the TRANSPORTATON CODE, resulting in a conviction that is clearly erroneous. A ruling is clearly erroneous "when the reviewing court is left with the firm conviction that a mistake has been committed." *See Harris v. State,* 827 S.W.2d 949, 955 (Tex. Crim. App. 1992). Reasonable minds can differ on issues such as the relevance of a particular piece of evidence, and "as long as the trial court's ruling was at least within the zone of reasonable disagreement," the appellate court should not substitute its reasonable perception for that of the trial judge. *Montgomery v. State,* 810 S.W.2d 272, 291(Tex. Crim. App. 1990) (op'n on rehearing). However, it explained, "when it is clear to the appellate court that what was perceived by the trial court as common experience is really no more than the operation of a common prejudice, not borne out in reason, the trial court has abused its discretion." *Ibid*.; *See, e.g., Davis v. State*, 329 S.W.3d 798, 815 (Tex. Crim. App. 2010) ("The trial court's determination is accorded great deference and will not be overturned on appeal unless it is clearly erroneous."). A review

of the record shows that the trial COURT made rulings that were clearly erroneous. Motion to disqualify Judge; judicial notice of the definition of "transportation" (CR Vol. 1:51-56); admitting unreliable testimony from Hill over Appellant's objections (CR Vol. 4:44-47); finding the evidence factually and legally sufficient to support conviction. All these rulings were based on an incorrect interpretation of the TRANSPORTATION CODE and were made arbitrarily and without any guiding principals. Such rulings requires de novo review.

## 4. The Appellant was subjected to double jeopardy in this prosecution?

In the trial Court and in the COURT OF APPEALS, Appellant argued that this prosecution was barred by the doctrine of double jeopardy. This transaction occurred on November 13, 2012 in the city of Frisco. Appellant was charged in the CITY OF FRISCO MUNICIPAL COURT with failure to display a license on demand under TC §521.025, Case No. 263490-1 (CR Vol. 1:137). On August 5, 2013, Appellant was given a trial to the Bench and acquitted in the CITY OF FRISCO MUNICIPAL COURT for failure to display a license (Cr Vol. 1:138). A complaint and information were filed on February 26, 2014 and an amended information on January 4, 2016, charging Appellant with operating a motor vehicle with a suspended or

revoked license based on the November 13, 2013 transaction (CR Vol. 1:6-7, 133-135).

Appellant challenges his conviction as double jeopardy by virtue of his former acquittal for a lessor included offense, such being a violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. Appellant also contends that the two offenses arose out of the same transaction and were proven by the same evidence, a result which he argues is incompatible with the decision of the Court of Criminal Appeals in *Bernard v. STATE*, 481 S.W.2d. 427 (1972) (Rehearing Denied) and the U.S. Supreme Court decision in *Waller v. Florida*, 397 U.S. 387, (1969).

In comparing the facts of Bernard's case with Appellant's, Bernard was charged in a municipal court with failure to display a license and convicted in said court. Appellant was charged in a municipal court with failure to display a license and acquitted. Bernard was then charged in the COUNTY COURT with operating a motor vehicle while his license was suspended and was convicted. Applicant was charged in the COUNTY CRIMINAL COURT #5 with operating a motor vehicle while his license or privilege was suspended or revoked. It was further alleged that Appellant operated a motor vehicle without financial responsibility and convicted. Bernard and Appellant appealed claiming double jeopardy. In deciding

*Bernard v. State,* this Court of Criminal Appeals stated the following:

> "We find that the prosecution of appellant, in County Criminal Court at Law No. 1, was based on the same acts of appellant as were involved in the municipal court conviction. The second trial of appellant, under the holding of *Waller v. Florida*, supra, constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution."

STATE OF TEXAS filed a motion for rehearing arguing that Bernard's plea of former conviction was properly overruled. After considering the argument, Judge Roberts made the following statement at 431.

> "We hold only that, in light of *Waller v. Florida, supra*, a judgment of acquittal or conviction in a court of competent jurisdiction is a bar to a further prosecution *for the same offense,* regardless of whether the first prosecution was had upon complaint, information or indictment, and regardless of whether the court in which the first prosecution was had was without jurisdiction to try the higher grade of the offense"

The facts of Appellant's case tracts almost exactly the facts of Bernard's case. This Court's finding that Bernard was subjected to double jeopardy is the same finding this Court should hold in Appellant's case. The judgment of conviction should be reversed and the prosecution ordered dismissed.

## **PRAYER**

The failure of the COURT OF APPEALS to conduct the appropriate review has cause harm to Appellant as it was used to convict him. Wherefore, appellant prays that the Court of Criminal Appeals will conduct its own plenary review of the issues raised in the COURT OF APPEALS and after review, reverse Appellant's conviction and dismiss the charge against appellant with prejudice.

Respectfully  submitted,


/s/ Robert Earl Marzett

Robert Earl Marzett
Sui Juris, a natural person
All rights reserved without prejudice
9720 Coit Road #220-116
Plano, Texas
Tel. 214-868-8698

## CERTIFICATE OF COMPLIANCE

    1.  This brief does not comply with the type-volume limitations on Tex. R. App. P. 9.4(i)(2)(B) because it contains 4,407 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

    2.  This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 14, in 14 point Times New Roman font with 12 point for footnotes.

                                    /s/ Robert E. Marzett
                                    Robert E. Marzett


## CERTIFICTE OF SERVICE


    This is to certify, pursuant to Tex. R. App. P 9.5, on this the 27th day of March, 2017, a true and correct copy of the above and foregoing instrument was served upon appellee's counsel of record by eserve.

    Catherine Luft
    ASSISTANT DENTON COUNTY DISTRICT ATTORNEY
    1450 East McKinney,  Suite 3100
    Denton, Texas 76209

## INDEX TO APPENDIX

Exhibit A  -  SECOND COURT OF APPEALS JUDGMENT

Exhibit B  -  SECOND COURT OF APPEALS OPINION

Exhibit C  -  SECOND COURT OF APPEALS DENIAL EN BANC

Exhibit A  -  SECOND COURT OF APPEALS JUDGMENT



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00043-CR

Robert Marzett § From County Criminal Court No. 5

§ of Denton County

§ (CR-2014-01023-E)

v.

§ September 29, 2016

§ Per Curiam

The State of Texas § (nfp)

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM

Exhibit B - SECOND COURT OF APPEALS OPINION



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00043-CR

ROBERT MARZETT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-01023-E

----------

## MEMORANDUM OPINION[1]

----------

After a bench trial, the trial court convicted Appellant Robert Marzett of driving while his license was invalid (DWLI), enhanced under section 521.457 of the Texas Transportation Code,[2] and sentenced him to serve forty-five days in jail, probated for twenty-four months, and to pay a $500 fine.  The trial court also

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Transp. Code Ann. § 521.457 (West 2013).

imposed eight days' confinement as a condition of community supervision. In thirteen issues, Appellant challenges his conviction and sentence. Because the trial court committed no reversible error, we affirm the trial court's judgment.

**Brief Facts**

On November 13, 2012, Officer Colby Hill was on patrol in Frisco, Texas, when a white Chevy Suburban without license plates drove past him. Hill initiated a traffic stop for the offense of driving without a license plate. Appellant, who was the driver of the Suburban, told Hill that he did not have a driver's license or insurance. Hill also observed that Appellant's vehicle had neither a registration nor an inspection sticker. Appellant attempted to explain to Hill that ordinary traffic laws and regulations do not apply to him. Appellant presented his passport, and the officer was able to identify Appellant by it. Hill determined that Appellant's license had expired in 2008, that it was not eligible for renewal, and that it had been suspended numerous times. One suspension began on July 18, 2012, and was indefinite; two other suspensions began on August 1, 2012—one was indefinite and the other lasted through May 15, 2014. Because Appellant was driving while his driving privilege was suspended and because he was operating the Suburban without financial responsibility, Hill arrested him for enhanced DWLI.

**Disqualification or Recusal of Trial Judge**

In his first issue, Appellant argues that the trial judge erred by failing to disqualify himself. Appellant argues that the trial judge "did not sit as a judicial

officer of the de jure government of the Texas Republic enforcing its general laws." He does not direct us to a specific place in the record, nor does he cite authority for this proposition; we are aware of no law supporting this argument.[3] If he is arguing that the trial judge was disqualified under the law as it exists, there are only three grounds for the disqualification of a judge: the judge served as a lawyer in the matter in controversy, the judge knows he has an interest in the subject matter, or the judge is related to one of the parties.[4] The record reflects no ground for disqualification.

If Appellant means that the trial judge should have recused himself from Appellant's case, the grounds for recusal are also found in the procedural rules.[5] The trial court referred Appellant's motion to the Presiding Judge of the Eighth Administrative Judicial Region for a decision. The Presiding Judge denied Appellant's motion without a hearing because it failed to state proper grounds for recusal and failed to state facts which would justify recusal. Appellant does not complain of the lack of hearing. Based on the record before us and considering

---

[3]*See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (citing cases), *cert. denied*, 132 S. Ct. 2712 (2012); *see also Marzett v. State*, Nos. 05-14-01570-CR, 05-14-01571-CR, 05-14-01611-CR, 05-14-01612-CR, 2015 WL 3451960, at *3 (Tex. App.—Dallas May 29, 2015, pet. ref'd) (mem. op., not designated for publication).

[4]Tex. R. Civ. P. 18b(a); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

[5]Tex. R. Civ. P. 18b(b); *Gaal v. State*, 332 S.W.3d 448, 452–53 (Tex. Crim. App. 2011).

3

Appellant's complaint as voiced and as we understand it, we hold that Appellant's complaint was properly overruled. Consequently, we overrule Appellant's first issue.

**Sufficiency of the Evidence**

In his eleventh issue, Appellant argues that the evidence is insufficient to support his conviction. He appears to argue that because he believes Officer Hill lacked legal training in Appellant's interpretation of statutory terms such as "person," "operating," "vehicle," "motor vehicle," "public highway," and "state," and because his license had expired before it was suspended, among other similar arguments, the evidence was insufficient to support his conviction.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[7] The State was required to prove that Appellant operated a motor

---

[6]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

[7]*Id.*; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

4

vehicle on a highway when his driver's license or privilege was suspended or revoked.[8]

Based on the facts of this case, the sufficiency of the evidence to support Appellant's conviction does not turn on whether Officer Hill agreed with Appellant's interpretation of the controlling law. The trial judge, not the witness, rules on issues of law and, as trier of fact in this case, determines issues of fact.[9] Appellant has also raised this unique interpretation of law dealing with license suspensions in appealing his Dallas case. As the State points out,

> The [Dallas] court rejected Appellant's argument and noted that "the record shows appellant's license was expired and suspended." It held the evidence was sufficient and that Appellant failed to support his argument with citations to the record or any relevant authority. [Citations omitted.]

Officer Hill saw Appellant driving a Chevy Suburban on Panther Creek Parkway, a public roadway in Frisco. Appellant did not have a valid license because his license had been suspended multiple times, had expired, and was not eligible for renewal. The evidence here is sufficient to support Appellant's DWLI conviction. We overrule Appellant's eleventh issue.[10]

---

[8] *See* Tex. Transp. Code Ann. § 521.457(a) (West 2013).

[9] *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

[10] *See Marzett*, 2015 WL 3451960, at *3–4.

**Choice of Law**

In his second issue, Appellant argues, "The COURT erred as a matter of law in applying the TC [transportation code] as the choice of law." Appellant seems to argue that he must voluntarily consent to subject himself to the transportation code in order for the law to apply to him. To the extent that we can understand Appellant's argument, it is unsupported by law. Saying it, even under oath, does not make it so. The law that Appellant cites in purported support of his position is inapposite. We overrule Appellant's second issue.[11]

**Probable Cause for Original Stop**

In his third issue, Appellant contends that the trial court erred as a matter of law when it concluded that his warrantless seizure was reasonable. He argues that Officer Hill misunderstood the law he relied on to justify the stop. Appellant states in his brief,

> In order to support HILL's suspicion that appellant was required to display license plates on his private property, prior to seizing Appellant, he would have to possess specific knowledge that Appellant was a statutory "person," who had purchased a statutory "vehicle" in the "thirty days" prior to this transaction or that Appellant was a "resident" of the statutory "state." Hill's suspicion was based solely on his visual observation of no license plate and his subjective interpretation of the TC. Without specific articulable facts that appellant met one of the requirements for registration, Hill was without a legal or factual basis to support his conclusion that appellant was required to display license plates.

---

[11]*See Marzett*, 2015 WL 3451960, at *4.

6

Appellant cites no relevant authority to support his apparent contention that a police officer is required to disprove all possible defenses to commission of an offense before the officer can stop a person the officer sees committing the offense. A peace officer may arrest without a warrant a person he sees committing an offense in his presence.[12] Officer Hill saw Appellant operate an unlicensed motor vehicle in a public place. Texas law requires vehicles driven on public roads to display two license plates.[13] Officer Hill had probable cause to arrest Appellant for the offense he observed Appellant commit.[14] We overrule Appellant's third issue.

**Jurisdiction of Trial Court**

In his fourth issue, Appellant argues that the trial court lacked jurisdiction to try his case "because the subject matter, territorial and personal jurisdiction of the COURT has not been properly invoked." He appears to argue that the transportation code applies only to commercial transportation, that the State is not the state, and that he has not been shown to be a person. If he has additional argument, it is not intelligible to us. Nor does he cite any relevant

---

[12]Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2015).

[13]Tex. Transp. Code Ann. § 504.943(a) (West Supp. 2016).

[14]*See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005).

7

authority in support of what we perceive as his argument. We overrule Appellant's fourth issue.[15]

**Judicial Notice of the Meaning of the Term "Transportation"**

In his fifth issue, Appellant argues, "The COURT abused its discretion when it denied Appellant's request for judicial notice of adjudicative facts in establishing on the record the definition of the term 'transportation.'" Appellant was convicted of DWLI. The definition of the term "transportation" is irrelevant to any substantive issue. Appellant provided a proposed definition of "transportation" that he insisted the trial court accept by taking judicial notice. Appellant cites no relevant authority to support his argument. We overrule Appellant's fifth issue.[16]

**Sufficiency of the Information**

In his sixth issue, Appellant challenges the sufficiency of the information filed in this case because

> [t]here is no allegation in the State's Amended Information which specific entity Appellant is alleged to be considering there are multiple entities included in the meaning of the statutory term "person" as defined by TC §541.001(4). [Record citation omitted.]

Appellant argues that this purported error is fundamental.

In the trial court, he filed a motion to quash the information. After raising many challenges in the motion that he raises on appeal concerning the meaning

---

[15]*See Marzett*, 2015 WL 3451960, at *5.

[16]*See id.* at *4–5.

8

of person, jurisdiction of the court, and fraudulence of the supporting affidavit, Appellant summarized his argument:

> The arguments in this brief [sic] show that this information never should have been filed. Defendant's license expired over four years prior to this seizure. Any competent investigation would have revealed this fact. The DISTRICT ATTORNEY knows or should know that there is no lawful authority to suspend, revoke or cancel a license that has expired. The primary responsibility of the DISTRICT ATTORNEY's office is "justice" not a conviction. Filing of this information and complaint by the DISTRICT ATTORNEY is really the criminal act. The DISTRICT ATTORNEY's office and Bolding had no reason to believe that the allegations in the complaint and information was true. This was not an attempt to get justice. This is attempt to get a conviction at any cost, including filing a fraudulent affidavit. DENTON COUNTY is relying on an incorrect interpretation of this code.

In his seventh issue, Appellant contends that the "information in the instant case does not allege all the elements of an offense under [section 521.457] that are necessary to be proved and is therefore void." He particularly asserts that the elements of DWLI include "transportation activity" and "statutory 'person.'"

We have endeavored to divine these two complaints before this court and any related complaint raised in the trial court. As we understand Appellant's arguments, we hold that the trial court did not reversibly err by denying his motion to quash the information, nor is the information fundamentally defective, if this is an argument that he raises. Appellant had adequate notice to prepare his defense.[17] He does not complain that he was denied adequate discovery. Rather, he appears to have a fundamental disagreement with Texas courts'

---

[17] *See Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).

9

interpretation of our laws and the language of our laws. The information provides sufficient notice to Appellant of the charges against him and sufficiently alleges the elements of the offense charged.[18] We overrule Appellant's sixth and seventh issues.

**Constitutionality of Statute**

In his eighth issue, Appellant challenges the trial court's holding that the "application of the TC [transportation code] to appellant's private travel was not unconstitutional 'as applied.'" We set out his argument in its entirety,

> When reviewing an attack upon the constitutionality of a statute, we begin with the presumption that the statute is valid and the legislature has not acted unreasonably or arbitrarily. The party challenging the constitutionality of a statute bears the burden of establishing that it is unconstitutional. It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined. Due process requires criminal laws to be defined so that (1) fair notice is given to ordinary persons as to what conduct is forbidden; and (2) definite standards are established to prevent arbitrary and discriminatory enforcement by police, judges, and juries.
>
> Appellant has challenged and continues to challenge the constitutionality of the TC, "as applied" to appellant. In this case the PROSECUTOR is attempting to apply provisions of the TC to activity that is not expressed in the title of the act. This violates the Tex. Const., Art. III §35. "Transportation" is the expressed subject matter of the TC. This code cannot be applied to any activity outside the expressed subject matter of "transportation." This complaint contains no specific allegation that appellant was transporting or drawing persons or property on a public highway of a TC "state." Any attempt to apply this code to activity not expressed in the title of the bill is an "as applied" violation of the Const. of Texas, Art. III., §35. [Citations and footnote omitted.]

---

[18] *See Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

10

We deduce that Appellant's complaint is founded in his convictions that the transportation code must be interpreted as applying to commercial activities and that the words used to define the statute he complains of must be defined as he has defined them. Additionally, he appears to insist that he must voluntarily submit to the authority of the statute. If we have correctly gleaned Appellant's arguments, they are not supported by relevant authority.[19] We overrule Appellant's eighth issue.

**Officer Hill's Use of Technical Terms**

In his ninth and tenth issues, Appellant argues that the trial court "erred as a matter of law and abused its discretion by admitting the testimony of Hill's use of technical terms" and by not striking his testimony. Although Appellant does not specify in his brief the objectionable terms he complains of, the record shows that at trial he complained of Officer Hill's use of terms such as "vehicle," "operator," "motor vehicle," and "driver." The State points out that

> [t]hese two issues were litigated by Appellant in his previous DWLI case. The Dallas court overruled his points, noting that he had failed to cite relevant authorities to support his definitions of the specified terms. It also held that the trial judge was the sole judge of the witnesses' credibility and was free to accept or reject any evidence presented by either side. [Citations omitted.]

Similarly, Appellant relies on cases and arguments dealing with legislatively defined legal concepts and standards. Appellant has failed to

---

[19]*See Marzett*, 2015 WL 3451960, at *1, *4.

11

support his argument with relevant authorities.  We overrule Appellant's ninth and tenth issues.[20]

**Constitutionality of Transportation Code**

In his twelfth issue, Appellant challenges the constitutionality of the transportation code.  He argues that the Sovereign People cannot be held to answer to an ambiguous law.  He contends that the transportation code is unconstitutionally vague because the "COURT" and the "STATE OF TEXAS" have refused to provide a definition for the term "transportation" and have refused to notice the definitions of the terms "transportation" and "travel" provided by Appellant.  But Appellant provides no relevant authority to support this argument.  We overrule Appellant's twelfth issue.[21]

**Double Jeopardy**

In his thirteenth and final issue, Appellant argues that his conviction constitutes double jeopardy because he was acquitted of an included offense, failure to exhibit a license, in the Municipal Court of Frisco, Texas.  The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.[22]  Generally, this clause protects against (1) a second

---

[20]*See id.* at *6.

[21]*See id.* at *4.

[22]U.S. Const. amend. V.

prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[23]

When the two prosecutions are for distinct statutory provisions, both an "elements" analysis and a "units" analysis should be conducted to determine whether they are for the same offense.[24]  An elements analysis asks whether one statute "requires proof of a fact" which the other does not.[25]  If the elements differ, then the second prosecution presumptively is not jeopardy-barred because it is not for the same offense.[26]

Appellant argues that his prosecution and acquittal for failure to display a license from the same incident bars prosecution of the DWLI case now before this court.  A *Blockburger* analysis resolves this question and shows that the two prosecutions are not for the same offense.  Section 521.025 requires a driver to have the appropriate license in his possession while driving and to display it on the demand of a peace officer.[27]  The only element DWLI, governed by section

---

[23] *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

[24] *Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015).

[25] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

[26] *Id.*

[27] Tex. Transp. Code Ann. § 521.025(a) (West 2013).

13

521.457, and failure to display a license have in common is operating a vehicle.[28]

To prove either of the offenses involves proof of a number of facts that the other does not—for example, DWLI does not require proof that the defendant failed to display his license.[29]  Appellant has done nothing to demonstrate contrary legislative intent.[30]  We consequently hold that the prosecution and conviction of Appellant in this case did not violate his rights to be free from double jeopardy. We overrule Appellant's thirteenth issue.

**Conclusion**

Having overruled Appellant's thirteen issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016

---

[28]*Compare id.* § 521.025(a)(1), *with id.* § 521.457(a)–(b).

[29]*Compare id.* § 521.025(a)(1), *with id.* § 521.457(a)–(b).

[30]*See Benson*, 459 S.W.3d at 72 n.18.

14

Exhibit C  -  SECOND COURT OF APPEALS DENIAL EN BANC

FILE COPY



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-16-00043-CR

ROBERT MARZETT            APPELLANT

V.

THE STATE OF TEXAS            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-01023-E

------------

## ORDER

------------

We have considered "Appellant's Motion for En Banc Reconsideration" filed by appellant Robert Marzett, pro se.

It is the opinion of the court that the motion for en banc reconsideration should be and is hereby denied and that the opinion and judgment of September 29, 2016, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the appellant and attorneys of record.

DATED December 8, 2016.

PER CURIAM

EN BANC

Print this page

# Case # PD-0071-17

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 03/27/2017 10:09:55 AM |
| Case Number | PD-0071-17 |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Individual |
| Filed By | Robert Marzett |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Robert E. Marzett |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 25372288 |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 03/28/2017 | The petition for discretionary review does not contain the identity of Judge, Parties |

| Other | 03:02:08 PM | and Counsel [Rule 68.4(a)]; it is missing the identity of the trial court judge. You have ten days to tender a corrected petition for discretionary review. |
|---|---|---|

## Documents

| *Lead Document* | CCA Review.pdf | [Original] |
|---|---|---|

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Catherine Luft catherine.luft@dentoncounty.com | DENTON COUNTY DISTRICT ATTORNEY | EServe | Sent | Yes | 03/27/2017 10:10:46 AM |